**Lois ANDERSON, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 91–35396.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1992.

Decided June 5, 1992.

**488**

John Dudeck, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Richard P. Algeo, Turner, Stoeve, Gagliardi & Goss, Spokane, Wash., for plaintiff-appellee.

Before: PREGERSON, TROTT, and KLEINFELD, Circuit Judges.

PREGERSON, Circuit Judge:

Lois Anderson filed suit to recover a federal income tax refund for 1984. The sole issue before the district court was whether Anderson had filed a timely claim for refund. The district court held that she had, 746 F.Supp. 15, and the government appeals. We have jurisdiction under 28 U.S.C. § 1291 (1988) and affirm the district court's decision.

## BACKGROUND

Anderson asserts that on September 15, 1986 she mailed her 1984 federal tax return to the IRS requesting a refund.[1] According to the IRS, that return was never received. When Anderson filed her 1985 federal income tax return, also late, she asked the IRS to apply her 1984 refund to her 1985 income tax obligation and return the balance to her.

According to the IRS, it did not receive Anderson's 1985 tax return until January 1988. In December 1988, the IRS contacted Anderson to inform her that the 1984 tax return was never received. Anderson then mailed a copy of the 1984 return that she said was filed on September 15, 1986. The IRS received that copy in late December 1988. But the IRS refused to accept Anderson's assertion that she had filed her 1984 return before April 15, 1988, the date on which the three-year statute of limitations period applicable to refund claims ended. *See* 26 U.S.C. § 6511(a)–(b) (1988).[2]

In response to the IRS's request for proof of mailing, Anderson provided her notarized statement that she mailed her 1984 return to the IRS on September 15, 1986. According to the IRS, Anderson's statement was not acceptable proof of mailing because she had neither a postmarked envelope nor a registered or certified mail receipt.

1. Anderson timely applied for an extension to file her 1984 federal tax return but she mailed her return even after the extended deadline.

2. Section 6511(a) requires that any "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed...."

Section 6511(b)(1) states that "[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period."

The IRS refused to honor Anderson's 1984 refund claim of $3655. The IRS demanded payment of the $3000 owed by Anderson on her 1985 federal income tax obligation and rejected her request to have the 1984 overpayment of $3655 applied to her 1985 tax obligations, with the balance to be returned to her.

At trial, the district court admitted testimony from Anderson and an affidavit from Anderson's friend Beckie Brown to prove that Anderson's 1984 tax return was postmarked on September 15, 1986. Anderson testified that she saw the postal clerk postmark her return and place the envelope in the mailing pouch. Brown accompanied Anderson to the post office and waited in the car. According to Brown's statement, Anderson returned to the car from the post office without the envelope that had contained Anderson's 1984 tax return.

The court found this evidence credible and concluded that Anderson proved a timely postmark. The district court also held that Anderson was entitled to the common law presumption that a properly and timely mailed document is deemed to have been timely received. The district court found that the government failed to rebut this presumption and concluded that Anderson's claim for a refund for the 1984 tax year was filed before expiration of the three-year limitations period.

As a threshold matter, we must decide whether extrinsic evidence, *i.e.*, evidence other than a postmark or postal receipt for registered or certified mail, is admissible to prove that Anderson's 1984 federal tax refund claim was postmarked before April 15, 1988. Second, we must determine whether Anderson can prove timely delivery of her 1984 federal tax return by relying on the common law presumption that a document timely and properly mailed is deemed to have been timely delivered. If Anderson cannot show by extrinsic evidence that her 1984 return was postmarked on September 15, 1986, she is not entitled to the refund claimed, and we must dismiss this action. *See Boyd v. United States,* 762 F.2d 1369 (9th Cir.1985) (timely filing of refund claim is jurisdictional; failure to comply with statutory and regulatory deadlines results in dismissal of suit for tax refund); *see also Shipley v. Commissioner,* 572 F.2d 212 (9th Cir.1977) (timely filing of a tax petition is jurisdictional).

Admissibility of extrinsic evidence to prove timely mailing of a tax return is a question of first impression in this circuit. Other circuits have addressed the issue, but are divided on how to interpret 26 U.S.C. § 7502 (1988).

In this case, the district court adopted the Eighth Circuit's decision in *Wood v. Commissioner,* 909 F.2d 1155 (8th Cir. 1990), interpreting section 7502 as not barring admission of extrinsic evidence to prove timely mailing of a federal income tax return or claim for refund. We agree with the district court and affirm its decision.

## DISCUSSION

The government argues that the provisions of 26 U.S.C. § 7502 set forth the exclusive options available to taxpayers who wish to prove timely filing of a federal tax return or claim for refund. According to this argument, section 7502 has two effects. First, the statute is a limitation on the type of evidence admissible to prove timely mailing. Second, section 7502 sets up a statutory mailbox rule that effectively preempts the common law mailbox rule that a timely and properly mailed document is presumed timely delivered.

We disagree with both contentions. As applied to the facts of Anderson's case, the language of section 7502 does not set forth an exclusive limitation on admissible evidence to prove timely mailing and does not preclude application of the common law mailbox rule.

### I.

#### Extrinsic Evidence

■ Statutory interpretation is a question of law subject to de novo review. *See Saratoga Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.,* 879 F.2d 689, 691 (9th Cir.1989).

Congress enacted section 7502 to mitigate the harshness of the old common law physical delivery rule which had required that tax documents must be physically received by the IRS on time to be timely filed. The old common law physical delivery rule left taxpayers vulnerable to postal service malfunctioning.

■ Section 7502 carves out an exception to the physical delivery rule by creating a statutory "mailbox rule." The statute allows a taxpayer to prove timely filing on the basis of timely mailing notwithstanding the date of physical delivery of the tax return to the IRS.

Under section 7502(a), taxpayers may avail themselves of the statutory mailbox rule by producing the postmark. According to this section, a timely postmark satisfies the timely filing requirement even if the document reaches the IRS after the deadline.[3]

Section 7502(c) also allows a taxpayer to prove timely mailing by producing the date shown on the postal receipt given for tax returns sent to the IRS by registered or certified mail.[4] Under section 7502(c), a claim sent by certified or registered mail is presumed delivered on the date shown on the registered or certified mail receipt. 26 U.S.C. § 7502(c). By its own terms, section 7502(c) applies only when the document is sent by registered or certified mail. *Id.*

The government contends that section 7502(c) is the only exception to the rule set out in section 7502(a)(1) that taxpayers may show timely mailing only by producing a postmark. In addition, the government argues that subsection (c) is not just the only exception to the statutory mailbox rule, but that it makes section 7502 the only applicable mailbox rule. By this argument the government contends that section 7502 contains the only exceptions to the old common law physical delivery rule previously applicable to tax filings.

We disagree. First, the language of section 7502 itself does not indicate that subsection (c) is the only exception to the statutory mailbox rule. But even if section 7502(c) is the only exception to the statutory mailbox rule requiring proof of mailing by postmark, it does not follow that the statutory mailbox rule announced in section 7502 is the exclusive means of proving timely mailing and filing.

The government cites our decision in *Shipley* as support for the syllogism that section 7502(c) is the only exception to the statutory mailbox rule, and section 7502 as a whole sets out the only applicable mailbox rule. The government is joined by the Second and Sixth Circuits in reading *Shipley* this way. *See Deutsch v. Commissioner*, 599 F.2d 44 (2nd Cir.1979) (holding that where the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980); *Miller v. United States*, 784 F.2d 728 (6th Cir.1986) (same); *Surowka v. United States*, 909 F.2d 148 (6th Cir.1990) (same).

---

**3.** Section 7502(a)(1) provides that:
[i]f any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

**4.** Section 7502(c)(1) provides that:
[i]f any return, claim, statement, or other document, or payment, is sent by United States registered mail—
(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and
(B) the date of registration shall be deemed the postmark date.
Subsection (c)(2) provides that:
The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.

We do not read *Shipley* so broadly. Our holding in *Shipley* simply precluded a taxpayer from introducing extrinsic evidence to prove that the date of the certified mail receipt was different from the date of postmark. *Shipley*, 572 F.2d at 214. As such, *Shipley* is a straightforward application of section 7502(c).

Neither the language of the statute nor Ninth Circuit precedent bars admission of extrinsic evidence to prove timely delivery.[5] Though we recognize that other circuits have decided the matter differently, we are persuaded by the approach taken by the Eight Circuit in *Wood v. Commissioner*, 909 F.2d 1155 (8th Cir.1990).

In *Wood*, the Eighth Circuit affirmed an en banc decision by the U.S. Tax Court which held that extrinsic evidence was admissible to prove a postmark for purposes of showing timely mailing. The IRS alleged that it did not receive an estate tax filing even though an attorney for the estate testified that he saw the postal clerk "weigh the envelope, put postage on it, cancel it, and put it into the appropriate bundle of outgoing mail." *Wood*, 909 F.2d at 1157. The district court admitted the testimony because it provided direct evidence of timely mailing from the attorney who saw the postal clerk postmark the envelope. The court in *Wood* then held that the common law mailbox rule was applicable. The Eighth Circuit found that the government failed to rebut the common law presumption of timely delivery from the estate's proof of timely mailing, and concluded that the estate's tax documents were timely filed.

 We find that the facts in Anderson's case are analogous, and adopt the Eighth Circuit's reasoning in *Wood*. Anderson provided direct proof of a timely postmark because she actually saw the postal clerk stamp her document. In such circum-stances, we find that Anderson was able to establish that her 1984 return was postmarked on September 15, 1984.

 Furthermore, we agree with the Eighth Circuit that enactment of section 7502 did not displace the common law presumption of delivery. The statute itself does not reflect a clear intent by Congress to displace the common law mailbox rule. Accordingly, we decline to read section 7502 as carving out exclusive exceptions to the old common law physical delivery rule. "[A]bsent a clear manifestation of contrary intent, a newly-enacted statute is presumed to be harmonious with existing law and its judicial construction." *Wood*, 909 F.2d at 1160 (quoting *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 277 (8th Cir. 1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984)).

## II.

### Common Law Mailbox Rule

 After deciding that Anderson could prove by extrinsic evidence that her 1984 return was postmarked on September 15, 1986, the district court went on to apply the common law mailbox rule. Application of a rule of law to established facts is reviewed de novo. *See United States v. McConney*, 728 F.2d 1195, 1200–1205 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984) (standard of review is de novo both for questions of law and for mixed questions of law and fact where the legal issues predominate).

 Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee. *Rosenthal v. Walker*, 111 U.S. 185, 193–94, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884); *Wood*, 909 F.2d at 1161 (citing *Walden v. Commissioner*, 90 T.C. 947, 951 (1988)). In

---

5. In fact, we note that our decision in *Bloch v. Commissioner*, 254 F.2d 277 (9th Cir.), *cert. dismissed*, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958), supports our holding today. In *Bloch* we admitted extrinsic evidence to *disprove* timely mailing when a prison inmate gave his petition to a caseworker who then failed to mail the inmate's petition in time. *Id.; see also Curry v. Commissioner*, 571 F.2d 1306 (4th Cir.1978) (where prison inmate did everything in his power to file his tax document within applicable time limitation, court would admit extrinsic evidence to prove timely postmark); *Skolski v. Commissioner*, 351 F.2d 485 (3rd Cir.1965) (extrinsic evidence admissible to prove timely postmark where date of postmark is illegible).

Anderson's case, the district court found that the government had not rebutted this presumption.

■] The government claims that it rebutted this presumption by producing records of non-receipt. In this respect, the government claims that this case is distinct from *Wood* where the government offered no evidence that 'it had not received the estate's tax filing.

The district court found Anderson and Brown's statements credible and was not persuaded by the government's rebuttal evidence. In particular, the district court noted that the government admitted losing tax documents that had been mailed and delivered.

The district court's conclusion that the government failed to rebut the presumption of delivery was, in essence, a credibility determination. As such, we review that conclusion for clear error. *United States v. Vasquez*, 858 F.2d 1387, 1391 (9th Cir. 1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 *and cert. denied*, 489 U.S. 1029, 109 S.Ct. 1161, 103 L.Ed.2d 220 (1989). We do not find clear error in the district court's application of the common law mailbox rule.

### CONCLUSION

We agree with the district court that section 7502 does not bar admission of extrinsic evidence to prove timely filing in the circumstances presented here. Furthermore, we find that the district court did not err in concluding that the common law mailbox rule was available to Anderson to prove delivery and that the government had not rebutted this presumption.

The district court's decision is AFFIRMED.