983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John R. CADLE, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Cadle appeals pro se the tax court's order (1) dismissing his petition for redetermination of his income tax deficiency for failure to state a claim, and (2) awarding $3,000 damages against Cadle for filing a frivolous petition. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm.
 
 
 3
 * We review de novo the grant of a motion to dismiss. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988).
 
 
 4
 Cadle did not file a tax return for the tax year 1987. The Commissioner of Internal Revenue ("Commissioner") determined that Cadle had received taxable income in that year and that Cadle owed the government $4,653 in income taxes and over $700 in interest and penalties. On March 30, 1990, the Commissioner issued Cadle a notice of deficiency pursuant to 26 U.S.C. § 6212(a).
 
 
 5
 On June 29, 1990, Cadle filed a petition for redetermination of the deficiency in the tax court.[1] The Commissioner moved to dismiss Cadle's petition pursuant to Tax Ct.R. 34(b)(4) on the ground the petition did not contain clear and concise assignments of errors committed by the Commissioner in determining Cadle's deficiency. The Commissioner also moved the tax court to award damages against Cadle pursuant to 26 U.S.C. § 6673 for filing a frivolous petition. On September 26, 1991, the tax court granted both the Commissioner's motions. Cadle timely appeals.
 
 
 6
 The Commissioner's deficiency determinations as to the taxes and penalties owed by Cadle are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Accordingly, in challenging these determinations in tax court Cadle had the burden of proving the determinations incorrect. See id. Cadle was required to articulate clear and concise assignments of each error committed by the Commissioner and clear and concise statements of the facts supporting each assignment of error. See 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4) & (5).
 
 
 7
 In his petition, Cadle argued that (1) the Commissioner was precluded from determining a deficiency against him because he did not file an incorrect or fraudulent tax return; and (2) the Commissioner could not prepare a substitute return for him without his consent.
 
 
 8
 In Roat v. Commissioner, 847 F.2d 1379 (9th Cir.1988), appellants, who had not filed tax returns, argued that the Commissioner was precluded from determining their deficiencies until the Commissioner prepared tax returns on their behalf. Id. at 1380. This court held that the Commissioner was not required to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency. Id. at 1381. More important for purposes of this case, the court also held that under 26 U.S.C. § 6211 the tax shown on a taxpayer's return figures into the Commissioner's deficiency determination "only if a return was made by the taxpayer." Id. (quotations omitted). "In the absence of an amount 'shown by the taxpayer thereon,' section 6211 defaults to the Commissioner's independent calculation of tax owed under substantive provisions of the Code." Id.
 
 
 9
 Thus, Cadle's failure to file a tax return did not preclude the Commissioner from independently determining a deficiency against him. See id. Moreover, because Cadle failed to file a tax return, the Commissioner was authorized by the Code to prepare a substitute return. 26 U.S.C. § 6020(b)(1).
 
 
 10
 In his petition, Cadle also made an argument regarding his right to due process. We note that Cadle took full advantage of his statutory right to challenge his deficiency in tax court. See 26 U.S.C. 6213(a). Moreover, to the extent that Cadle argues the Commissioner should bear the burden in the first instance of proving the basis of Cadle's deficiency determination, this court has held that the Commissioner's determination is presumptively correct and that the petitioner bears the burden of proving otherwise. See Hokanson, 730 F.2d at 1249.
 
 
 11
 Most of Cadle's other arguments before the tax court were based on his belief that the Commissioner could not proceed in the absence of a return filed by Cadle. For instance, Cadle argued the Commissioner failed to send him notice of the amount of tax that exceeded the amount shown by Cadle on his return. These arguments lack merit. See Roat, 847 F.2d at 1381.
 
 
 12
 Cadle also raised several issues relating to the assessment and collection process. The Commissioner, however, had not yet assessed Cadle's 1987 deficiency. Therefore, those procedures were not applicable.
 
 
 13
 Because Cadle failed to allege specific errors the Commissioner made in calculating his deficiency, Cadle failed to carry his burden of proving the Commissioner's determination incorrect. See Hokanson, 730 F.2d at 1249. Therefore, the tax court did not err by granting the Commissioner's motion to dismiss.
 
 II
 
 14
 The tax court did not abuse its discretion by awarding $3,000 in damages against Cadle for filing a frivolous petition. See Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 III
 
 15
 The Commissioner requests sanctions against Cadle for filing a frivolous appeal. This appeal is frivolous because the result is obvious and Cadle's arguments are wholly without merit. See Roat, 847 F.2d at 1381. Nevertheless, because Cadle is a pro se litigant and because we imposed sanctions against Cadle in appeal no. 92-70409, in exercise of our discretion we deny the Commissioner's request for sanctions in this case. See Fed.R.App.P. 38; 28 U.S.C. § 1912.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the petition was filed after the ninety-day filing period set forth in 26 U.S.C. § 6213(a) had expired, the postmark on the mailing envelope shows Cadle mailed the petition within the ninety-day period. Accordingly, the petition was timely. See 26 U.S.C. § 7502(a); Anderson v. United States, 966 F.2d 487, 490 (9th Cir.1992)