19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert R. GARCIA, Jr., Plaintiff-Appellant,
v.
Margaret A. KNAPP; A. Caito; Nevada Board of State Prison
Commissioners, state political subdivision, et
al., Defendants-Appellees.
 Nos. 92-15706, 92-15809.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert R. Garcia, a Nevada state prisoner, appeals pro se the district court's summary judgment and judgment following a bench trial in favor of the defendants, various Nevada state prison officials. Garcia contends that the defendants denied him access to the courts, in violation of his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 5
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (citations and quotations omitted). Conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment. List, 880 F.2d at 1045.
 
 
 6
 In this consolidated action, Garcia alleged that the defendants violated his right of access to the courts because of inadequacies in the law library at the Nevada State Prison (NSP), and at the Northern Nevada Correctional Center (NNCC) where Garcia was transferred. We address these claims in turn.
 
 NSP LAW LIBRARY
 
 7
 Garcia contends that inmate law clerks were not trained in legal research, and that he was denied legal supplies such as lined paper and carbon paper.
 
 
 8
 Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). This circuit has distinguished the core Bounds requirements of adequate law libraries or adequate assistance from persons trained in the law from non-core requirements such as availability of paper, pens, and other supplies. See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). When alleging a deprivation of a non-core requirement, a prisoner must allege an actual injury: a specific instance in which the prisoner was actually denied access to the courts. Id. at 1171.
 
 
 9
 As the district court found, Garcia's claim that inmate law clerks were not adequately trained in the law did not rise to the level of a constitutional violation because Bounds requires either an adequate library or access to persons trained in the law. See Bounds, 430 U.S. at 828. The district court reasoned that the NSP library was constitutionally adequate as long as it was in compliance with a permanent injunction issued in another case, and thus, correctly concluded that there was no additional constitutional requirement of persons trained in the law. See id.
 
 
 10
 Further, Garcia presented no evidence that the occasional denial of lined paper or carbon paper resulted in an actual injury, that is, a specific instance in which Garcia was denied access to the courts. See Sands, 886 F.2d at 1171; List, 880 F.2d at 1045 (conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment). Therefore, the district court did not err by granting summary judgment against Garcia on his claims of inadequate legal supplies. See Sands, 886 F.2d at 1171; List, 880 F.2d at 1044.
 
 NNCC LIBRARY
 
 11
 Garcia alleges that (1) court forms, "other publications" and legal supplies are not provided to indigents without costs and without limitations; (2) indigent inmates are not provided with unlimited free copywork and postage; (3) a free telephone is not available for legal calls; (4) there are not sufficient volumes for effective research or sufficient working space for conducting legal research; (5) the number of inmate law clerks is inadequate to serve the needs of the inmate population; (6) the inmates in segregation do not have adequate access to the law library; (7) the inmate law clerks are not provided with training in legal research; and (8) there are no law clerks to help inmates who do not speak English.
 
 
 12
 As the district court found, claims one through three lack merit because Garcia did not allege that he suffered an actual injury as a result of the denial of these items. See Sands, 886 F.2d at 1171.
 
 
 13
 The fourth claim, that there are insufficient volumes and working space for conducting legal research also lacks merit. The evidence submitted by the defendants shows the NNCC Library to contain essentially the same books as the NSP Library which is in compliance with a permanent injunction to make the library's volumes constitutionally adequate. Thus, the district court reasoned that the NNCC Library was also adequate. As for the physical size of the library, it is uncontroverted that the library has been expanded recently, and was not so small to preclude legal research within its confines. We agree with the district court that the evidence submitted did not raise a genuine issue for trial regarding the constitutional adequacy of the NNCC library.
 
 
 14
 As Bounds requires either an adequate law library or persons trained in the law, the claims regarding the inadequacies of the inmate law clerks fail, since, as the district court found, the NNCC library is constitutionally adequate. See Bounds, 430 U.S. at 828.
 
 
 15
 The only remaining claim is that the inmates held in segregation units at NNCC are denied meaningful access to the courts. This claim survived summary judgment, but was denied after a bench trial. We review the district court's findings of fact after a bench trial under the clearly erroneous standard. In re San Vicente Medical Partners Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). Questions of law are reviewed de novo. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 16
 Here, the district court held that there was no denial of access to inmates in segregation because of the short duration of time that could be spent in segregation. We agree with the district court's reasoning. In these specific circumstances, this temporary denial of access amounted at most to a brief delay, rather than a constitutional deprivation of access to the library. See Lindquist v. Idaho Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985) (the fact that an inmate must wait to use the library does not necessarily mean that he has been denied meaningful access to the courts). Additionally, the court further found that although the inmates in segregation do not have physical access to a law library, they have access to inmate law clerks who are sufficiently knowledgeable to assist inmates in segregation.[1]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the district court found that although the law clerks do not have formal training in legal research, they were for the most part trained by Garcia, who was in the district court's determination "quite skilled in litigation." The district court also pointed out that Garcia has brought numerous actions before the federal courts, and reasoned that this fact alone tends to belie any right of access claim