29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco MEJIA-CENDEJAS, Defendant-Appellant.
 No. 93-50191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided June 21, 1994.
 
 Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 Mejia-Cendejas appeals from both his conviction and sentence for violating 8 U.S.C. Sec. 1326(a), (b)(2) which provides for a sentence of up to 15 years when an alien who has been deported following a conviction for an aggravated felony is found in the United States. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm in part and remand in part.
 
 
 2
 Mejia-Cendejas first argues that the district court erred in assuming that under Federal Rule of Criminal Procedure 48(a) it lacked any discretion to refuse to dismiss an indictment. Whether Rule 48(a) gives the district court discretion to refuse to dismiss an indictment is a question of law. We review questions of law de novo. See Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 3
 Mejia-Cendejas had been charged under 8 U.S.C. Sec. 1326(a), which applies generally to deported felons who reenter illegally, and provides for a maximum penalty of two years' imprisonment. On the morning of the day he was to enter a plea to that charge, a grand jury returned an indictment under 8 U.S.C. Sec. 1326(a), (b)(2) which applies specifically to illegal reentry of an alien who has committed an aggravated felony and carries a maximum penalty of 15 years' imprisonment. Before Mejia-Cendejas was able to plead guilty, the government moved to dismiss the original indictment.
 
 
 4
 Mejia-Cendejas objected to the dismissal, but the court stated, "I have refused to do that before, and the Court of [Appeals] says I can't refuse to dismiss an Indictment when the government wants to dismiss the Indictment." A short time later, the court stated, "Well, maybe we should get that question answered again as to whether or not the court would have any power to dismiss or not--refuse to dismiss an Indictment." As we read the court's statements, it thought that under no circumstances could it have discretion to refuse to grant the government's Rule 48(a) motion.
 
 
 5
 However, a district court has limited discretion to refuse to grant the government's motion to dismiss an indictment. "[A] district court under Rule 48(a) has discretion to deny a government's dismissal motion if that motion is prompted by considerations clearly contrary to the public interest ... or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to charging, dismissing and recharging." United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir.1988) (internal quotations omitted). "A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in 'good faith.' " Id.
 
 
 6
 The district court erred in refusing to exercise its limited discretion to decide whether to grant the government's motion. Instead of surmising how the district court would have ruled had it realized that it possessed discretion, we remand to the district court for it to exercise its limited discretion. Only if the district court decides to dismiss the indictment, should it then set aside Mejia-Cendejas's conviction and vacate the sentence. Otherwise, the conviction and sentence stand.
 
 
 7
 Mejia-Cendejas also argues that the district court erred when it stated that it could not depart downward to a two year sentence based on prior INS misrepresentations about the penalty for illegal reentry. Prior to his deportations, Mejia-Cendejas was given and asked to sign INS Form I-294 which erroneously stated that if he reentered illegally he would be subject to no more than two years' imprisonment for that offense. Based on our holding in United States v. Ullyses-Salazar, No. 93-50144, slip. op. 6543 (9th Cir. June 20, 1994), we reject Mejia-Cendejas's argument.
 
 
 8
 AFFIRMED IN PART; REMANDED IN PART.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.