104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marshall MARTINEZ, Plaintiff-Appellant,
v.
Janice NEILSON, H.C.F. Supervisor of Law Library,
individually and in her official capacity; Deanna Espinas,
H.C.F. Library Services Officer, individually and in her
official capacity; George Sumner, Director of Public
Safety, State of Hawaii; Edwin Shimoda, Division
Administrator of H.C.F., individually and in his official
capacity; John Smythe, Administrator of H.C.F.,
individually and in his official capacity, Defendants-Appellees.
 No. 96-15246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marshall Martinez, a Hawaii state prisoner, appeals pro se the district court's judgment following a bench trial and partial summary judgment in his 42 U.S.C. § 1983 action. Martinez alleges that defendants violated his right of access to the courts, and his right to be free from cruel and unusual punishment. We review de novo both the summary judgment order and the district court's legal findings during trial. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994); Anderson v. United States, 966 F.2d 487, 491 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We affirm the district court's dismissal of Martinez's access to the courts claims because, as the district court noted, any claims occurring before April 24, 1991 are barred by Hawaii's statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-50 (1988); Haw.Rev.Stat. § 657-7. Moreover, we agree with the district court that the tolling provision cited by Martinez does not apply to actions against the Department of Public Safety and its officials. See Haw.Rev.Stat. §§ 657.13 & 2-14.6(f).
 
 
 4
 Martinez alleges an Eighth Amendment violation based on the prison's indigency policy which he claims forced him to choose between paying either for photocopies or for hygiene supplies. His claim fails because the items Martinez claims he was prevented from buying were not essential hygiene items. Moreover, prison officials submitted evidence that basic hygiene supplies were provided to inmates at state expense. Cf. Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir.1991) (stating that forcing inmates to choose between purchasing hygienic supplies and essential legal supplies is unacceptable).
 
 
 5
 Martinez also alleges that the prison law librarian subjected him to cruel and unusual punishment because she delayed the removal of his waist chains for fifteen minutes while knowing that Martinez's stomach was bloated from drinking milk. The waist chains did not leave any bruises, cuts, or scratches, and Martinez admitted that he did not suffer great pain or seek medical treatment. We agree with the district court that Martinez failed to show that he suffered any significant harm or that Neilson's actions amounted to deliberate indifference. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).
 
 
 6
 Finally, the district court did not err by prohibiting Martinez from calling character witnesses who would have testified about Neilson's "sadistic nature" because this type of evidence is disallowed under federal evidentiary rules. See Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3