T.C. Memo. 1999-260


UNITED STATES TAX COURT


LLOYD L. BARBER, JR. AND JANET M. BARBER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7197-98.                    Filed August 4, 1999.


Lloyd L. Barber, Jr. and Janet M. Barber, pro sese.

Stephen Baker, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  Respondent determined a $2,422 deficiency in petitioners' 1995 Federal income tax.

The issue for decision concerns petitioners' entitlement to a deduction on their individual 1995 Federal tax return for claimed losses incurred by Legal Search, Inc., all the stock of which is

owned by Lloyd L. Barber (petitioner). Resolution of this issue depends upon whether a timely election on Form 2553 was filed on behalf of the corporation.

All section references are to the Internal Revenue Code in effect for the years under consideration. All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time petitioners filed their petition, they resided in Anchorage, Alaska.

Legal Search, Inc. (Legal Search) was incorporated in Alaska on December 2, 1993. It performed legal research and prepared legal documents through petitioner, a self-taught paralegal.

Respondent's records do not reflect that an election was ever made by Legal Search on Form 2553 for treatment as a small business corporation. (A May 18, 1999, Certification of Lack of Record to this effect was secured from the Custodian of Records for the Ogden Service Center and is part of the record.)

On April 17, 1996, the Internal Revenue Service (IRS) received petitioners' Federal income tax return, Form 1040, for 1995. On the return, petitioners reported an $8,613 pass-through loss from Legal Search, which petitioners claim is an S corporation. Because

the IRS had no record of an election for S corporation status for Legal Search, on January 30, 1998, respondent mailed petitioners a notice of deficiency disallowing the claimed $8,613 deduction.

OPINION

The ultimate dispute herein involves whether a timely election was made by Legal Search to be treated as an S corporation. See sec. 1362. If so, petitioners properly claimed a deduction for the loss attributable to Legal Search on their 1995 Federal income tax return. See sec. 1366. If not, respondent properly disallowed the deduction.

Section 1362(a)(1) allows a small business corporation, as defined pursuant to section 1361, to elect S corporation status. An S corporation election can be made for any taxable year at any time during the preceding taxable year or on or before the 15th day of the third month of the current taxable year. See sec. 1362(b)(1). These time limits were imposed so that a corporation could not make an election after it could predict its profitability for the year with any certainty. Thus, this time restraint prevented taxpayers from using S corporation status solely as a tax-avoidance mechanism. See H. Rept. 95-1445, at 104 (1978), 1978-3 C.B. (Vol. 1) 181, 278.

A corporation that elects to take advantage of the benefits of being treated as an S corporation must comply with the requirements for making the election. See, e.g., Garrett & Garrett, P.C. v.

Commissioner, T.C. Memo. 1993-453. Under section 1362(a), a corporation elects to be treated as an S corporation by filing a Form 2553. No election is recognized in the absence of the timely filing of a Form 2553. See, e.g., Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235, 238-240 (1969); Fankhauser v. Commissioner, T.C. Memo. 1998-328.[1] Generally, a document is considered filed with the IRS when it is received by that agency. See, e.g., United States v. Lombardo, 241 U.S. 73, 76 (1916).

Petitioners seek the benefit of special statutory provisions that are dependent upon the timely filing of a Form 2553. See, e.g., Pestcoe v. Commissioner, 40 T.C. 195, 198 (1963). The burden of proving the filing of Form 2553 with the IRS falls upon petitioners.

Although petitioners argue that they sent the Form 2553 by regular mail on December 3, 1993, they concede that they have no written evidence of such mailing. Petitioner was the sole witness at trial; we are not required to accept his self-serving testimony, and we do not. See, e.g., Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159.

---

[1] In certain instances where a form that must be delivered to the Internal Revenue Service (IRS) by a specific date is delivered to the IRS by U.S. mail after the date it is to be received, the date of the postmark is deemed to be the date of delivery. See sec. 7502.

Petitioners failed to present any corroborating evidence as to the purported mailing of Form 2553.  See <u>Anderson v. United States</u>, 966 F.2d 487, 491 (9th Cir. 1992) (holding that under the common-law mailbox rule, a rebuttable presumption of delivery arises where there is evidence of timely mailing).  As a paralegal who owned a business that prepared legal documents, petitioner should have understood the significance of complying with the requirements for Legal Search's making an S corporation election.  He should have taken steps to verify that the election was properly made.  He failed to do so.

At trial, respondent presented credible evidence that the Form 2553 was not delivered.  Consequently, we hold that petitioners have failed to satisfy their burden and thus may not deduct the claimed 1995 loss arising from Legal Search.

On their 1994 Federal income tax return, petitioners reported a $25,565 loss arising from Legal Search's activities and received a $1,783 refund.  Petitioners alternatively maintain that because the IRS did not challenge the loss reflected on their 1994 tax return, pursuant to the doctrine of equitable estoppel, the IRS cannot now argue that for tax year 1995, Legal Search is not an S corporation.  We disagree.

Equitable estoppel[2] is a judicial doctrine that precludes a party from denying that party's own acts or representations which induced another to act to his or her detriment. See <u>Hofstetter v. Commissioner</u>, 98 T.C. 695, 700 (1992). The doctrine of equitable estoppel is applied against the Government only with utmost caution and restraint. See, e.g., <u>Kronish v. Commissioner</u>, 90 T.C. 684, 695 (1988). The burden of proof is on the party claiming estoppel against the Government. See Rule 142(a); <u>Hofstetter v. Commissioner</u>, <u>supra</u> at 701.

Petitioners have failed to carry their burden. It is of no import that the 1994 deduction for loss arising from Legal Search was accepted by the IRS. Each tax year is a separate matter. See, e.g., <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597 (1948); <u>Harrah's Club v. United States</u>, 228 Ct. Cl. 650, 661 F.2d 203, 205 (1981). Thus, petitioners' estoppel argument is without merit.

---

[2] Taxpayers must prove at least the following elements before courts will apply equitable estoppel against the Government: (1) A false representation or wrongful, misleading silence by the party against whom the estoppel is claimed; (2) an error in a statement of fact and not in an opinion or statement of law; (3) the taxpayer's ignorance of the true facts; (4) the taxpayer's reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects suffered by the taxpayer from the acts or statements of the one against whom estoppel is being claimed. See, e.g., <u>Norfolk S. Corp. v. Commissioner</u>, 104 T.C. 13, 60, supplemented by 104 T.C. 417 (1995), affd. 140 F.3d 240 (4th Cir. 1998).

To reflect the foregoing,

Decision will be
entered for respondent.