T.C. Memo. 2003-256

UNITED STATES TAX COURT

WALTER R. HUFF AND LUCY C. HUFF, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9102-02.                    Filed August 25, 2003.

Walter R. Huff, pro se.

<u>Jean Song</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine a $29,771 deficiency in their 1997 Federal income
tax, a $4,115 addition thereto under section 6651(a)(1), and a
$4,517 accuracy-related penalty under section 6662(a).  We decide
the only issue that petitioners raised in their petition and
discussed in their brief; namely, whether the applicable 3-year

period of limitations under section 6501(a) has run as to their 1997 taxable year.  We hold it has not.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.

FINDINGS OF FACT

Some facts were stipulated.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference. We find the stipulated facts accordingly.  Petitioners resided in Montgomery, Texas, when their petition was filed.

Petitioners filed with respondent a 1997 Form 1040, U.S. Individual Income Tax Return, using the filing status of "Married filing joint return" and reporting their "total tax" and "total [tax] payments" for the year as $13,340 and $16,327, respectively.  The return consisted of seven single-sided pages. The information that petitioners furnished in the signature block on page 2 of the Form 1040 (i.e., signatures, date of signatures, and occupations) was all written by hand, as were two "X"s that were placed in the "No" blocks to questions requiring the checking of a "Yes" or "No" box.  All other information petitioners reported on their 1997 return was typed.  Petitioners reported on the 1997 return that they had each signed the return on April 15, 1998.

Walter R. Huff (Mr. Huff) testified at trial that he mailed petitioners' 1997 return to respondent between 10:30 p.m. and

10:45 p.m. on April 15, 1998, in an envelope that also contained petitioners' completed 1997 Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return.  Mr. Huff testified that he mailed this envelope by placing it in a post office box at a post office near his home in Chino Hills, California.  Respondent's records indicate that his department in Fresno, California, received petitioners' 1997 tax return on April 23, 1999, and respondent filed that return as of that date. Respondent mailed the subject notice of deficiency to petitioners on March 7, 2002.

Petitioners' 1997 Form 4868 is a one-page document on which petitioners listed their names, address, Social Security numbers, and numeric answers to requested information concerning their 1997 Federal income tax.  The requested information was "4  Total tax liability for 1997", "5  Total 1997 payments", and "6 Balance.  Subtract 5 from 4".  Petitioners answered that their total tax liability for 1997 was "15,800", that their total 1997 tax payments equaled "15,800+", and that their balance was zero. All of the information that petitioners listed on their 1997 Form 4868 was written by hand.  Petitioners requested through this Form 4868 an extension of time until August 15, 1998, to file their 1997 Federal income tax return.  Respondent filed this Form 4868 as of April 15, 1998.

During the subject year, Mr. Huff was an attorney specializing in personal injury work in the State of California.[1] He practiced law through his sole proprietorship. His practice during 1997 paid wages of $92,000 to his wife and withheld from those wages Federal income taxes of $16,327. These withholdings were the only Federal income tax payments petitioners made during 1997.

Respondent's records show that petitioners filed their 1991 Federal income tax return untimely on June 5, 1994, that they filed their 1992 Federal income tax return untimely on October 20, 1993, that they filed their 1993 Federal income tax return untimely on February 9, 1995, that they filed their 1994 Federal income tax return untimely on October 15, 1995, that they filed their 1995 Federal income tax return untimely on June 11, 1997, that they filed their 1999 Federal income tax return untimely on September 13, 2001, and that they filed their 2000 Federal income tax return untimely on September 17, 2001.[2] Respondent's records show that petitioners filed their 1996 Federal income tax return timely on July 31, 1997, after requesting and receiving an extension of the due date for the return to August 15, 1997, and

[1] As of May 5, 2003, the date of trial, Mr. Huff had been practicing law for 14 years.

[2] Petitioners had received extensions until Aug. 15, 1995, and Aug. 15, 2001, to file their returns for 1994 and 2000, respectively.

that petitioners filed their 1998 Federal income tax return timely on April 15, 1999.

OPINION

Petitioners argue that the applicable period of limitations under section 6501(a) has run. We disagree. The Commissioner generally must assess tax against individual taxpayers such as petitioners within 3 years of the later of the due date or the filing date of their return. Sec. 6501(a) and (b)(1); Mecom v. Commissioner, 101 T.C. 374, 382 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994). On the basis of the credible evidence in the record, we find as facts that petitioners filed their 1997 return with respondent on April 23, 1999, and that respondent issued to them the subject notice of deficiency within 3 years after that date.

Mr. Huff testified that he mailed petitioners' 1997 return to respondent on April 15, 1998. We find that testimony to be uncorroborated and incredible.[3] We need not and do not rely upon that testimony for the purpose of reaching our decision herein. See Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 115 (5th Cir. 1987); Ruark v. Commissioner, 449 F.2d 311, 312 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-48; Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 84 (2000), affd.

---

[3] Although petitioners reported on their 1997 return that they each signed the return on Apr. 15, 1998, we do not find that to be the date on which the return was filed.

299 F.3d 221 (3d Cir. 2002). In fact, on the basis of our perception of Mr. Huff as he testified, and our evaluation of his overall testimony in the light of the record as a whole, we reject petitioners' argument on brief that Mr. Huff's testimony constitutes "credible evidence" sufficient to shift the burden of proof to respondent under section 7491(a).

Mr. Huff during his testimony had a selective loss of memory; for example, he could vividly recall specific facts that supported his case but generally had no recollection as to many other facts which could have been detrimental to his case (e.g., whether he filed timely his 1997 State income tax return, whether he filed timely his 1991 through 1993 Federal income tax returns). He also testified that he prepared petitioners' 1997 Form 4868 immediately after he had finished preparing their 1997 Form 1040 and that he prepared the former document because he was concerned that the latter document would not be postmarked timely. In that the 1997 Form 1040 reports for 1997 that petitioners' total tax and total tax payments equal $13,340 and $16,327, respectively, petitioners' reporting on their 1997 Form 4868 that their total tax and total tax payments for that year equaled $15,800 and "$15,800+", respectively, indicates that Mr. Huff did not readily know when he prepared the 1997 Form 4868 the precise amount of either petitioners' total tax or their tax payments.

The fact that Mr. Huff testified that he mailed the 1997 Form 1040 and the 1997 Form 4868 to respondent in the same envelope also undercuts his testimony that he filed the Form 4868 simply out of concern that the Form 1040 would not be postmarked timely. A request for an automatic extension of time to file a tax return must be filed before the unextended due date of that return. See sec. 1.6081-4(a)(3), Income Tax Regs. We are hard pressed to understand how an attorney such as Mr. Huff could have expected or perceived that two documents mailed to respondent in the same envelope would be treated by respondent as filed on different dates. We also are hard pressed to understand why, if Mr. Huff had prepared the 1997 Form 4868 immediately after he completed the 1997 Form 1040, as he testified, petitioners typed almost all of the information on the 1997 Form 1040 but hand wrote the minimal information reported on the 1997 Form 4868. We also note that although Mr. Huff indicated during his testimony that petitioner Lucy C. Huff could corroborate his assertion that he had filed their 1997 tax return late on the evening of April 15, 1998, he neither called her to testify under oath as to this matter nor offered a valid explanation as to why she was unavailable to testify. We can only assume that petitioner Lucy C. Huff's testimony as to this matter would have been unfavorable to petitioners' case. See, e.g., <u>Wichita Terminal Elevator Co.</u>

v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

The thrust of petitioners' argument is that they must prevail because respondent has not produced the envelope in which respondent received their 1997 tax return. Petitioners note that respondent acknowledges that respondent lost or destroyed this envelope and that respondent's witness, an employee of respondent, testified that respondent attaches to all late filed returns the envelope in which the return was received. Petitioners assert that the envelope, by its postmark, would have confirmed Mr. Huff's testimony that he mailed petitioners' 1997 tax return to respondent on April 15, 1998, that section 7502 would then treat the postmark date as the date of filing,[4] and that the period of limitations under section 6501 would then be shown to have run before respondent issued the subject notice of deficiency to them. As petitioners see it, section 7502 "imparts upon respondent the burden of preserving and producing the envelope since * * * the envelope is the sole exclusive evidence on the issue of timely mailing/timely filing."

---

[4] Sec. 7502(a) provides that a return timely mailed as evidenced by a U.S. postmark is deemed timely filed even though delivered to the Commissioner after the due date. When a return is mailed to the Commissioner after the due date, the return is considered filed when the Commissioner receives it. Emmons v. Commissioner, 92 T.C. 342, 346-347 (1989), affd. 898 F.2d 50 (5th Cir. 1990).

We disagree with petitioners that respondent's failure to produce the envelope in which respondent received their 1997 tax return means as a matter of law that we must decide this case for them. In order to reach their desired end, petitioners rely erroneously on <u>Lewis v. United States</u>, 144 F.3d 1220 (9th Cir. 1998), and <u>Anderson v. United States</u>, 966 F.2d 487 (9th Cir. 1992).[5] In each of those cases, the taxpayer produced credible evidence of the date of mailing of the document in question. Here, by contrast, we do not find that Mr. Huff testified credibly that he mailed petitioners' 1997 Form 1040 timely.

Because respondent has failed to produce the envelope containing petitioners' return, we decide this case as if the postmark were missing; thus, petitioners may rely upon extrinsic evidence to prove that the postmark, if present, would have been timely. See <u>Jacobson v. Commissioner</u>, 73 T.C. 610, 615, 616 (1979). The only evidence petitioners introduced as to this

---

[5] We understand petitioners to argue that we should decide this case by following the jurisprudence of the Court of Appeals for the Ninth Circuit. While we generally follow a decision squarely in point of a circuit in which a case is appealable, see <u>Golsen v. Commissioner</u>, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), absent the parties' stipulation to the contrary, an appeal of this case lies in the Fifth Circuit; i.e., the circuit in which petitioners resided when they filed their petition with this Court, sec. 7482(b)(1)(A) and (2). In any event, our decision would be the same whether appeal lay to the Court of Appeals for the Fifth Circuit or to the Court of Appeals for the Ninth Circuit.

matter was Mr. Huff's testimony, which we do not find to be credible.[6]  We hold for respondent.

We have considered all arguments made by the parties and, to the extent not discussed herein, have rejected those arguments as meritless.

Decision will be

entered for respondent.

---

[6] Mr. Huff testified that he used his private postage meter machine to stamp the date on the envelope used to mail petitioners' 1997 return to respondent.  In certain cases, privately metered mail received after a due date may be considered timely even if the mail actually was received beyond the normal delivery period.  Sec. 301.7502-1(c)(1)(iii)(B)(1), Proced. & Admin. Regs.  In those cases, the taxpayer must establish that:  (1) The mail was deposited in the U.S. mail on or before the due date before the last collection of mail from that place of deposit, (2) the delay was attributable to delay in the transmission of the U.S. mail, and (3) the cause for such delay.  Sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs. Petitioners have not established timely deposit, and they have offered no persuasive reason as to why their return was received by respondent more than 1 year after it was allegedly mailed.