SEYMOUR, Circuit Judge,
dissenting from the Judgment and delivering an Opinion. .
While I agree with Judge Baldock’s conclusion that I.R.C. § 7502 does not entirely supplant the common law mailbox rule, Op. at 1193-94, I must dissent from his application of the mailbox rule in this case. Judge Baldock’s opinion relies,' improperly in my judgment, upon a credibility, determination to dismiss the Sorrentinos’ suit at the summary judgment stage and erects an unreasonable barrier to the mailbox rule’s implementation.
“Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it' is received by the addressee.” Anderson v. United States, 966 F.2d 487, 491 (9th Cir.1992) (citing Rosenthal v. Walker, 111 U.S. 185, 193-94, 4 S.Ct. 382, 28 L.Ed. 395 (1884)). According to Judge Baldock, the Sorrentinos’ “self-serving testimony, with *1198 out corroborating evidence, is insufficient to raise a presumption the IRS [timely] received Taxpayers’ 1994 tax return.” Op. at 1195. But any testimony by a party to a suit is self-serving, yet it is clearly admissible to support his or her case in a motion for summary judgment. See 10A Charles Alan WRIght, ARTHUR R. Miller & Mary Kay Kane, Federal Practioe and Prooedure § 2722 (at summary judgment, “[a]n affidavit of a party that is on file in the case will be considered by the court”). The self-serving quality of the testimony goes to its credibility, which is to be judged by the trier of fact. Credibility determinations are not to be made at summary judgment, and are certainly not to be made by an appellate court. Foster v. Alliedsignal, Inc., 293 F.3d 1187, 1195 (10th Cir.2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (noting credibility determinations are inappropriate at summary judgment); Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (explaining trial court is in unique position to judge credibility and its determinations deserve great deference from appellate court).
I am doubtful of the worth of the corroborating evidence Judge Baldock’s rule requires. The corroborating evidence in Anderson, 966 F.2d at 489, consisted of the testimony of a Mend who accompanied the taxpayer to the post office, watched the taxpayer go in with her tax return, and exit without it. Id. I question why this evidence is substantially more convincing than that presented by the Sorrentinos, including the sworn testimony of Mr. and Mrs. Sorrentino that they signed the return in early March, the sworn testimony of Mr. Sorrentino that he mailed the return in early March, and a copy of the return dated March 1, 1998.
More significantly, I question the wisdom of a rule which, by definition, denigrates the reliability and truthfulness of the scores of average taxpayers who prepare their own tax returns and place them in the U.S. mail without accompanying witnesses. According to the majority, the courts cannot trust these taxpayers unless they have brought along friends who will swear to the mailing of their returns. Such a rule seems to me completely unwarranted.
Ultimately, however, I dissent because Judge Baldock’s evidentiary hurdle to the factual presumption of the mailbox rule runs counter to the rule’s very purpose. Judge Baldock justifies his conclusions by stating: “[allegations of mailing are easy to make and hard to disprove.” Op. at 1194. Of course, the same is true of allegations of non-receipt. The mailbox rule is designed to redress this state of inconclusive evidence, and does so, initially, in favor of the party claiming mailing. See Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 963 (9th Cir.2001) (“the presumption of receipt established by the mailbox rule [is applied] precisely to avoid the type of swearing contest in which the parties are presently involved”). The I.R.S. might very well defeat the factual presumption created by the Sorrentinos’ evidence by successfully attacking the couple’s credibility or demonstrating effective procedures within the I.R.S. that prevent loss of returns. At this stage in the litigation, however, we have only the sworn testimony of the Sorrentinos that they both signed the return in early March, Mr. Sorrentino’s sworn testimony that he promptly mailed the return after signing it, a copy of that return, and the I.R.S.’s allegation of non-receipt. The mailbox rule’s presumption of receipt steps in to create a genuine issue of material fact, and the majority’s dismissal of the case at this juncture is improper.
*1199 For the foregoing reasons, I respectfully dissent.