NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN T. WALTNER and SARAH V. WALTNER,

Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

No.   16-72754

Tax Ct. No.  8726-11L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted January 8, 2019[**]
Submission Withdrawn January 15, 2019
Resubmitted April 29, 2019
Pasadena, California

Before:  GRABER and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Timely filing of a notice of appeal is "mandatory and jurisdictional." *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016) (citation omitted). Taxpayers Steven and Sarah Waltner attempt to appeal a Tax Court decision, but that court did not receive their notice of appeal until long after the filing deadline. *See* 26 U.S.C. § 7483. The Waltners claim they mailed an earlier notice before the deadline, but that notice was never delivered.

To support their claim of the earlier mailing, the Waltners offer two pieces of evidence: (1) Sarah Waltner's declaration that, a few days before the deadline, she gave the notice of appeal to a private mail-services center to be mailed to the Tax Court; and (2) an affidavit from the owner of the mail-services center stating that he mailed the notice via United States first-class mail as instructed. Our jurisdiction depends on whether this evidence proves the notice was timely filed.

The law in this circuit has changed with respect to how a taxpayer can prove timely filing of an undelivered tax document, such as a notice of appeal to the Tax Court. Previously, under the common-law mailbox rule, a taxpayer could prove timely filing by testimonial or circumstantial evidence. *See Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992). But a 2011 Treasury regulation replaced that rule and limited the types of evidence that can prove timely filing. *See Baldwin v. United States*, No. 17-55115, 2019 WL 1605669, at *3–4 (9th Cir. 2019). That regulation provides:

> Other than direct proof of actual delivery, proof of proper use of registered or certified mail, and proof of proper use of a duly designated [private delivery service] . . . , are *the exclusive means* to establish prima facie evidence of delivery of a document to the agency, officer, or office with which the document is required to be filed. *No other evidence* of a postmark or of mailing will be prima facie evidence of delivery or raise a presumption that the document was delivered.

26 C.F.R. § 301.7502-1(e)(2)(i) (emphases added). Under that regulation, when the government claims that a tax document never arrived at the office where it should have been filed, the only allowable types of evidence to prove timely filing are: (1) direct proof of actual delivery, (2) proof of proper use of registered or certified mail, or (3) proof of proper use of a duly designated private delivery service. As this Court held in *Baldwin*, 2019 WL 1605669, at *5, the regulation is valid under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

Here, the Waltners offer no allowable evidence to prove timely filing. They do not claim to have used registered or certified mail or a duly designated private delivery service. The regulation, therefore, bars consideration of the Waltners' evidence.

With no evidence of timely filing, we hold that the notice of appeal is untimely. This appeal is dismissed for lack of jurisdiction.

**DISMISSED.**