ROBERT L. AND DEBORAH SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 9762-92
United States Tax Court
T.C. Memo 1994-270; 1994 Tax Ct. Memo LEXIS 269; 67 T.C.M. (CCH) 3086; June 13, 1994, Filed *269 For petitioners: Kirk A. McCarville. For respondent: Andrew J. Gottlieb. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $ 109,315 and an addition to tax pursuant to section 6651(a) in the amount of $ 4,895. After concessions by petitioners, the issues remaining for decision are: (1) Whether petitioners timely filed an election (on Form 2553) to have Mindies Eloy/Casa Grande, Inc., an Arizona corporation, treated as an S corporation for 1988; and (2) whether petitioners are liable for an addition to tax for failure to timely file their 1988 income tax return pursuant to section 6651(a). All section references are to the Internal Revenue Code in effect for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided in Chandler, Arizona, at the time the petition in this case was filed. They untimely filed a joint Federal income tax return for 1988 on August 28, 1989. During the year in issue, *270 petitioners were the sole shareholders of Mindies Eloy/Casa Grande, Inc. (Mindies Eloy), [1] the corporation involved in this case. On May 29, 1987, Robert Smith (petitioner) mailed an election to have Mindies Eloy treated as an S corporation for tax purposes (on Form 2553). The envelope containing the form was properly addressed to the Internal Revenue Service (IRS) at its Service Center in Ogden, Utah, with the correct postage affixed, but it was not sent by registered or certified mail. Respondent never received the form. Mindies Eloy reported a loss in the amount of $ 121,279 for 1988 on Form 1120S (U.S. Income Tax Return for an S Corporation). Petitioners reported said loss, as well as losses from two other corporations, on their 1988 tax return. Respondent disallowed all of the losses claimed (totaling $ 210,957) on the grounds that the purported *271 elections to have the three corporations treated as S corporations were invalid. Petitioners concede that the elections for two of the three corporations were invalid, and thus petitioners are not entitled to $ 89,678 of the claimed losses. Petitioners disagree with respondent's determination as to the S corporation election for Mindies Eloy for 1988. Because respondent did not possess a Form 2553 for Mindies Eloy at the time the 1988 Form 1120S was filed, respondent converted the Form 1120S to a Form 1120 (U.S. Corporation Income Tax Return). In October 1989, respondent informed petitioners that Mindies Eloy had not been granted S corporation status because respondent had no Form 2553 on file. Petitioner sent a copy of the form that he had mailed on May 29, 1987, to the IRS at its Ogden Service Center. On October 23, 1989, respondent received the copy and date stamped it. The copy of the Form 2553 was processed as an original, and respondent granted S corporation status to Mindies Eloy effective January 1, 1989. OPINION In general, a corporation may elect to be an S corporation by filing a completed Form 2553 with the appropriate IRS Service Center within certain specified *272 times. Sec. 1362; sec. 1.1362-2, Income Tax Regs.
Petitioners argue that for purposes of making an election under section 1362, timely mailing equals timely filing. [2] Respondent argues that in order for petitioners to prevail, they must (pursuant to section 7502) offer proof of postmark, not mere evidence of mailing. Turning first to respondent's argument, section 7502(a)(1) provides that if a document is delivered to the IRS at the proper address after its due date by United States mail, then the date of postmark shall be the date of delivery. Thus, under section 7502(a), a taxpayer may prevail by providing evidence of the postmark; that is, a timely postmark satisfies the timely filing requirement when the document reaches the IRS after the deadline. [3] When mailing and postmark are timely, delivery will be presumed *273 unless rebutted by the IRS. Estate of Wood v. Commissioner, 92 T.C. 793, 799 (1989), affd. 909 F.2d 1155 (8th Cir. 1990). Here, there was no evidence of postmark. Therefore, section 7502 is not applicable. However, enactment of section 7502 does not displace the common law presumption of delivery. Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992); Estate of Wood v. Commissioner, supra at 799; cf. Carroll v. Commissioner, T.C. Memo. 1994-229. As the Court of Appeals for the Ninth Circuit stated: "Section 7502 carves out an exception to the [common law] physical delivery rule [pursuant to which *274 tax documents had to be physically received by the IRS on time to be timely filed] by creating a statutory 'mailbox rule'." Anderson v. United States, supra at 490. Pursuant to the common law mailbox rule, proper mailing of an envelope creates a rebuttable presumption of receipt. And whether the Government is able to rebut such presumption of receipt is a credibility determination. Id. at 492. Petitioners presented credible testimony as to proper mailing; they assert that a presumption of receipt arises from the testimony. Even assuming that the facts raise such a presumption, however, we find that the evidence given by respondent is sufficient to rebut it. [4] In the instant case, an employee of respondent conducted a nationwide search on respondent's computer system and found that no Form 2553 for Mindies Eloy was received or filed prior to October 23, 1989. Respondent presented credible testimony as to the standard procedures followed for processing documents received at the Ogden Service Center. Documents are received, extracted from their envelopes, and placed in shelves containing like documents. The envelopes *275 are then "candled" (passed in front of a bright light) at two different times, to ensure they are empty before they are discarded. The documents are sent to the appropriate areas in the Service Center where they are collected in batches of 25 or less. Each batch is assigned to a tax examiner. The information contained in each document is entered onto the Integrated Data Retrieval System (IDRS), where computer records of taxpayers' accounts are maintained. IDRS contains histories of taxpayers' accounts across the nation. Where taxpayers prove mailing and the IRS proves nonreceipt, we are left with the conclusion that the mailed document was lost in transit. See Walden v. Commissioner, 90 T.C. 947, 951 (1988). In Walden, we ruled that when a tax return is lost by the *276 U.S. Postal Service, it is the taxpayer who bears the risk of nondelivery. Following the Walden ruling, we sustain the deficiency as determined by respondent. We now turn to respondent's determination with regard to the delinquency addition to tax. Petitioners have the burden of proof to show that their late filing of their 1988 tax return was due to reasonable cause. Abramo v. Commissioner, 78 T.C. 154, 163 (1982); Adamson v. Commissioner, 745 F.2d 541 (9th Cir. 1984), affg. T.C. Memo. 1982-371. They offered no evidence and presented no testimony to show that their late filing was due to reasonable cause. Accordingly, we sustain the deliquency addition to tax as determined by respondent. To reflect the foregoing and concessions by petitioners, Decision will be entered for respondent. Footnotes
1. Mindies Eloy owns and operates a Burger King franchise in Arizona. Mindies is an acronym standing for "McDonalds is not a dirty word; it's an endangered species".↩
2. If we determine that the Form 2553 was filed when deposited in the mail, then apparently petitioners are entitled to the $ 121,279 loss claimed on their 1988 tax return with respect to Mindies Eloy.↩
3. Had petitioner mailed the Form 2553 by U.S. registered or certified mail, the registration or certification would be prima facie evidence that the form was delivered to the IRS office to which addressed. See sec. 301.7502-1(d)(1), Proced. & Admin. Regs.↩
4. Cf. Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235↩ (1969), wherein we found that respondent's evidence was not sufficient to overcome the presumption of delivery.