T.C. Summary Opinion 2002-128

UNITED STATES TAX COURT

MARTIN HIGBEE AND SUZANNE HIGBEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12791-00S.               Filed October 4, 2002.

<u>James A. Mather</u>, for petitioners.

<u>Anne W. Durning</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' Federal income taxes of $12,172 for 1997 and $16,016 for 1998 and accuracy-related penalties of $2,434 for 1997 and $3,203 for 1998 under section 6662(a). The issues for decision are: (1) Whether petitioners are entitled to deduct losses from an S corporation; (2) if not, whether such losses are deductible as proprietorship losses; and (3) whether petitioners are liable for the accuracy-related penalties for 1997 and 1998.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Tucson, Arizona.

## Background

During the years at issue, petitioner Martin Higbee was employed as a professor at the University of Arizona in Tucson. Petitioner Suzanne Higbee worked as a ticket agent for U.S. Airways.

Petitioners acquired property in Tucson, Arizona, to be used as a "bed and breakfast". They began operating sometime in 1996. The property was a four-bedroom house. Petitioners resided in the house during the years at issue.

The records of the Arizona Corporation Commission reflect the incorporation of Cactus Quail Enterprises, Inc. (corporation) on October 20, 1995, for purposes of carrying on the "HOTEL/MOTEL" business. The named corporate officers were

Suzanne Higbee, president, and Martin Higbee, secretary. The agent appointed for the corporation was Dan Preiser. In 1995 Mr. Preiser, petitioners' accountant, prepared Form SS-4, Application for Employer Identification Number, and Form 2553, Election by a Small Business Corporation (Under Section 1362 of the Internal Revenue Code), for the corporation. The forms were not filed in 1995 because the business had not yet begun in that year. In early 1996, Mr. Preiser instructed Mr. Higbee to file both Forms SS-4 and 2553.

Petitioners filed Federal income tax returns for 1997 and 1998, each with an attached Schedule E, Supplemental Income and Loss (From rental real estate, royalties, partnerships, S Corporations, estates, trusts, REMICs, etc.). The Schedules E indicate that each petitioner has a 50-percent ownership interest in "CACTUS QUAIL ENT INC". The corporation is listed as an S corporation with the employer identification number (EIN) 86-0819375. Each petitioner deducted an S corporation loss for each year.

The corporation filed Forms 1120S, U.S. Income Tax Return for an S Corporation, for calendar years 1997 and 1998, attaching a Schedule K-1, Shareholder's Share of Income, Credits, Deductions, Etc., for each of petitioners. Mr. Preiser, the designated corporate agent, signed as the preparer of the returns.

In early January of 1997, 1998, and 1999, petitioner Martin Higbee, as president of the corporation, signed successive interest-bearing promissory notes payable on demand to Martin Higbee, as an individual. On November 24, 1999, Cactus Quail Enterprises, Inc. filed with the Arizona secretary of state an Application for Registration of Trade Name to register its name. The Office of the secretary of state responded by advising the corporation that it "is not in good standing".

An employee of the Commissioner's Ogden Service Center (Service Center), in a letter dated March 2, 2000, wrote the corporation in care of petitioner Suzanne Higbee to advise that "According to our records, you have not been accepted as an S-Corporation." The letter informs the corporation to file a Form 1120, U.S. Corporation Income Tax Return, in lieu of a Form 1120S, or to apply for "relief for a late S-Corporation election".

The Commissioner issued to petitioners a statutory notice of deficiency dated September 15, 2000, for 1997 and 1998 disallowing the deductions for S corporation losses claimed on their joint Federal income tax returns, making mechanical adjustments to their itemized deductions, and asserting the accuracy-related penalties under section 6662(a).

Petitioners' accountant, Mr. Preiser, in a letter to the Service Center dated December 7, 2000, refers to Forms 1040X,

Amended U.S. Individual Income Tax Return, filed by petitioners that are intended to cancel "the previously filed Schedule E's and have substituted Schedule C's".  The amended returns were received by the Service Center on December 11, 2000.  On page 2, Part II of the returns, Explanation of Changes to Income, Deductions, and Credits, petitioners state that the returns are being "filed to remove the K-1 from Cactus Quail Enterprises, Inc. per letters from the IRS disallowing the S-corporation election."  The explanation further states that the State corporation commission reports for the corporation were not filed for 1997, 1998, and 1999, and that the "corporation was no longer valid after 12/31/96."

## Discussion

Petitioners' argument on brief is that they did business as a proprietorship for the years at issue but, if they were doing business as a corporate entity, then such entity was an S corporation under section 1361.

Respondent's position is that petitioners failed to make an election under section 1362.  Respondent further argues that petitioners have not shown that they were doing business as a proprietorship in 1997 and 1998, but that even if they were, they have not shown that they actually incurred the expenses they now claim are deductible on Schedules C, Profit or Loss From Business, of their personal returns.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933). Section 7491(a)(1) provides, however, that the burden of proof shifts to the Commissioner if, among other requirements, the taxpayer introduces "credible evidence with respect to any factual issue relevant to ascertaining" his liability for the tax deficiency at issue. The Court concludes that section 7491 has no effect on the resolution of the section 1362 election issue and does not shift the burden of proof to respondent because petitioners have failed to comply with the requirements of section 7491(a)(2).

<u>Election Under Section 1362</u>

Petitioners seem to have all but abandoned the original position taken on their personal returns for 1997 and 1998. Their argument that the corporation was an S corporation is now merely a "backup" to their argument that they operated as a proprietorship in 1997 and 1998. The issue, nevertheless, will be addressed.

Petitioners have offered as evidence to show that they filed a proper election, a copy of a Form 2553 signed by Suzanne Higbee on July 10, 1995, and testimony of Martin Higbee that he mailed the Form 2553 at the same time and in the same envelope as a Form SS-4, sometime in 1996. Although there was no evidence or argument offered by the parties on the issue, the Court is left

to assume that the use of an EIN by the corporation on Forms 1120S means that it actually was assigned an EIN by the Internal Revenue Service.

Treatment as an S corporation is contingent on election with consent of the shareholders. Sec. 1362; sec. 1.1362-6, Income Tax Regs. To be effective, Form 2553 must be filed with the Service Center designated in the instructions applicable to Form 2553. Sec. 1.1362-6(a)(2), Income Tax Regs.; see Combs v. Commissioner, T.C. Memo. 1989-206, affd. without published opinion 907 F.2d 151 (6th Cir. 1990). Therefore, filing requires delivery to the Service Center. Barber v. Commissioner, T.C. Memo. 1999-260; Leather v. Commissioner, T.C. Memo. 1991-534.

Proof of mailing raises a rebuttable presumption of delivery that will be sufficient in the absence of evidence of nondelivery. See Anderson v. United States, 966 F.2d 487 (9th Cir. 1992); Estate of Wood v. Commissioner, 92 T.C. 793, 798-799 (1989), affd. 909 F.2d 1155 (8th Cir. 1990). Here, respondent produced evidence of nondelivery in the form of a Certification of Lack of Record with respect to Form 2553 for Cactus Quail or for EIN 86-0819375. Petitioners, on the other hand, have produced no direct evidence that they mailed the form. They have failed to describe any details of the actual deposit of the Form 2553 in the United States mail. See Leather v. Comissioner, supra. In view of the evidence of nonreceipt offered by

respondent, even if petitioners had offered evidence that the form was mailed, we would be left with the conclusion that the document was lost in transit.  In such a case, it is the taxpayer who bears the risk of nondelivery.  Walden v. Commissioner 90 T.C. 947, 951-952 (1988); Smith v. Commissioner, T.C. Memo. 1994-270, affd. without published opinion 81 F.3d 170 (9th Cir. 1996).

The Court holds that the preponderance of the evidence supports respondent's determination that petitioners are not entitled to deduct losses from an S corporation for 1997 and 1998.

## Operation as a Proprietorship

Petitioners' primary argument is that the deductions claimed on their returns as losses from an S corporation on Schedules E should really have been reported as business expenses on Schedules C.  They argue that Cactus Quail was not a corporation at all during the years at issue and that the bed and breakfast expenses were therefore incurred by and are deductible by them personally.

The Court will assume, without deciding, that petitioners did operate as a proprietorship during 1997 and 1998 and would be entitled to deduct business expenses on Schedules C.  Deductions, however, are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New

Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Since section 7491(a) does not alter the taxpayer's burden of proof where the taxpayer has not complied with all applicable substantiation requirements, including those of section 274(d), sec. 7491(a) does not apply here.  Higbee v. Commissioner, 116 T.C. 438, 442 (2001).  Taxpayers have the burden of proving that they meet each of the conditions of section 7491(a), because the conditions are necessary prerequisites to establishing that the burden of proof is on the Secretary.  H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  No deduction is allowed for personal, living, or family expenses.  Sec. 262(a).

Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own

making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate, however, must have a reasonable evidentiary basis.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  For certain expenses, section 274 supersedes the Cohan doctrine.  See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  It requires, for example, strict substantiation of expenses with respect to any listed property as defined in section 280F(d)(4).  Sec. 274(d).  Listed property includes any passenger automobile or any other property used as a means of transportation, and computers.  Sec. 280F(d)(4)(A)(i), (ii), (iv).

Petitioners have offered no documentary or testimonial evidence for any of the expenses claimed for the "bed and breakfast" operation.  In order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra.  The Court is without any such basis here, and any allowance would amount to unguided largess.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Accordingly, the Court sustains respondent's determination that there are deficiencies in petitioners' income taxes for the years 1997 and 1998.

## Accuracy-Related Penalties

Respondent determined that petitioners are liable for the section 6662(a) accuracy-related penalties for 1997 and 1998.

Taxpayers are liable for an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to any substantial understatement of income tax. Sec. 6662(a) and (b)(2).  A "substantial understatement" is an understatement for the taxable year exceeding the greater of 10 percent of the proper tax or $5,000.  Sec. 6662(d)(1)(A).  No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  Sec. 6664(c).  This determination is based on all the facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 7491(c) imposes on respondent the burden of producing evidence to show that the section 6662(a) penalty is appropriate, but respondent need not produce evidence regarding reasonable cause.  Higbee v. Commissioner, supra at 446-447. The Court has sustained respondent's determination of the deficiencies for both years.  Petitioners' understatements of tax exceed the greater of 10 percent of the proper tax or $5,000 for each year.  The Court finds that respondent has satisfied the burden of production with respect to the accuracy-related penalties under section 6662(a).  Petitioners presented no evidence indicating reasonable cause for the understated income.

Accordingly, the imposition of the accuracy-related penalties is sustained.

The Court has considered all of the other arguments made by petitioners, and, to the extent that the arguments have not been specifically discussed above, they have been found to be without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.