T.C. Memo. 2009-70

UNITED STATES TAX COURT

ROBERT E. AND JUDITH C. DANSBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6708-05.                    Filed March 30, 2009.

Robert E. and Judith C. Dansby, pro se.

<u>Alysse B. Grossman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a $133,690 deficiency in petitioners' 2002 joint Federal income tax and a penalty under section 6662(a).

Among the adjustments made in respondent's notice of deficiency and challenged in petitioners' petition was the taxability to petitioner Robert E. Dansby (petitioner) of

unreported early distributions petitioner received from his individual retirement account. Petitioners have raised a new issue as to whether a closely held corporation qualified as an S corporation and, if so, whether alleged corporate losses are allocable to petitioner to offset the unreported income raised in respondent's notice of deficiency. At this time the only issue addressed is whether the corporation in 2000 filed with respondent a Form 2553, Election by a Small Business Corporation.

Unless otherwise noted, references to sections are to the Internal Revenue Code applicable to the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

On audit respondent determined, among other things, that petitioners had not reported for 2002 taxable income of $304,889 in distributions petitioner received from an individual retirement account (IRA). On January 10, 2005, respondent's notice of deficiency was mailed to petitioners.

On April 11, 2005, petitioners filed their petition challenging the taxability of the IRA distributions and the penalties.

Shortly before the October 16, 2006, scheduled trial herein, petitioners and respondent negotiated a tentative settlement of the issues raised in petitioners' petition. On October 16, 2006,

however, petitioners raised a new issue involving alleged losses of Edgenics, Inc. (Edgenics), an alleged S corporation in which petitioner claimed to have an ownership interest. Petitioners claimed that Edgenics realized significant losses and that the losses should flow through to petitioner as owner of Edgenics and offset the unreported IRA distributions.

In view of the tentative settlement of the original issues and in view of the new issue raised by petitioners, the October 2006 trial was continued, and the parties were directed to develop facts relating to the alleged S corporation status of Edgenics before addressing the issue as to whether Edgenics realized losses and if so what losses may be allocable to petitioner.

On May 22, 2007, an evidentiary hearing was held relating to the S corporation issue. After the hearing petitioner and respondent spent a number of months discussing a possible resolution of this issue. In the spring of 2008 the parties notified the Court that the issue could not be resolved administratively.

The parties now ask us to decide whether Edgenics in 2000 timely applied to respondent for S corporation status. The facts relevant to this issue, as established by the parties' stipulations and at the May 22, 2007, evidentiary hearing are as follows.

On May 7, 2000, petitioner e-mailed his attorney Stafford W. Thompson of Red Bank, New Jersey, and asked Mr. Thompson to file papers necessary to incorporate in Delaware a company by the name of Edgenics as a C corporation with two named shareholders (petitioner and Anil Kukreja), with authorization to issue 100,000 shares of stock, and with a corporate address of 4336 Delaware Ave., Kenner, Louisiana.

On June 2, 2000, a corporation by the name of Edgenics was incorporated as a Delaware corporation with a corporate address of 2021 Arch Street, Philadelphia, Pennsylvania, and Edgenics was authorized to issue 100,000 shares of stock.

On July 11, 2001, petitioner's attorney mailed a letter on behalf of Edgenics and petitioner seeking authorization for Edgenics to be licensed to do business in New Jersey. In the July 11, 2001, letter petitioner's attorney states that Edgenics's "Employee Federal I.D. No. [will be forwarded] when it is received." Included with the July 11, 2001, letter was an application signed by petitioner and also dated July 11, 2001, for Edgenics to do business in New Jersey. On the application Edgenics's Federal I.D. number is expressly asked for, but no number is provided.

On July 16, 2001, petitioner's attorney faxed to respondent on behalf of Edgenics a Form SS-4, Application for Employer Identification Number, signed by petitioner and dated July 11,

2001.  The form indicates that Edgenics was a "regular C corporation".  On the July 16, 2001, fax cover sheet petitioner's attorney requests that respondent "Please issue a Federal Identification Number as soon as possible."

In respondent's records the above July 11, 2001, Form SS-4 is the first entry or record involving Edgenics.  In July 2001, respondent issued to Edgenics E.I. No. 22-3816495.  In July 2001 Edgenics amended its articles of incorporation to increase the number of authorized shares of stock from 100,000 to 10 million.

In September 2001 Edgenics filed with respondent a Form 1120, U.S. Corporation Income Tax Return, for 2000.  The return for 2000 shows petitioner as owner of 65 percent of Edgenics's common stock.

In July 2002 Edgenics filed with respondent a Form 1120 for 2001.  The return for 2001 shows petitioner as owner of 97 percent of Edgenics's common stock.

Respondent's records do not reflect that Edgenics ever filed with respondent a Form 2553 to apply for S corporation status or that respondent ever processed or received a Form 2553 on behalf of Edgenics.

Petitioners timely filed with respondent their 2002 individual joint Federal income tax return.  Upon audit respondent determined among other adjustments that petitioners

failed to report as taxable income the $304,889 petitioner received from his IRA.

OPINION

Generally, a taxpayer bears the burden to prove timely filing of an election to be treated as an S corporation. Rule 142(a); Smith v. Commissioner, T.C. Memo. 1994-270, affd. without published opinion 81 F.3d 170 (9th Cir. 1996).

Generally, for an S corporation election to be valid for a year there must have been filed on behalf of the corporation (that meets certain requirements not relevant here) a Form 2553, on or before the 15th day of the third month of the year for which S corporation status is sought. Sec. 1362(a) and (b); secs. 1.1362-1(a), 1.1362-6(a), Income Tax Regs. The Form 2553 is to be signed by all shareholders of the corporation. Once a corporation qualifies as an S corporation, its taxable status continues unless the corporation revokes its S election. Sec. 1362(d).

Before enactment of the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, 110 Stat. 1755, late S elections were invalid for all years. See Horchem v. Commissioner, T.C. Memo. 1980-209. Since enactment of the SBJPA, if a corporation files late a Form 2553 otherwise free of defect, the S election will be valid beginning for the year following the year in which the late election is filed. Sec. 1362(b)(2) and (3); sec.

1.1362-6(a)(2)(ii), Income Tax Regs. Section 1362(b)(2) and (3), as amended by SBJPA sec. 1305, 110 Stat. 1779, is effective for 1983 and thereafter.

Under section 1362(b)(5) and (f), as amended in 1996, respondent may exercise discretion to treat as valid S elections that are untimely, that have not been filed, or that inadvertently omit some shareholder consents or other requested information, effective for 1983 and thereafter.

Petitioner asserts that in June of 2000 he personally obtained Edgenics's E.I. number over the telephone from respondent's local New Jersey office, added the E.I. number to a Form 2553, and on June 30, 2000, signed the Form 2553 as president and shareholder of Edgenics and mailed it to respondent on behalf of Edgenics.

However, the Form 2553 that petitioner placed in evidence shows an employer identification number for Edgenics of 22-3816495 and petitioner as owning 6.5 million shares of Edgenics stock, suggesting that the Form 2553 was not prepared in 2000, but at the earliest in the summer of 2001. Respondent's records indicate that Edgenics's E.I. No. 22-3816495 was not issued until July 27, 2001, and Edgenics was not authorized to issue more than 100,000 shares of stock until July 2001.

Respondent's records show no evidence that a Form 2553 on behalf of Edgenics was ever processed or received.

In 2000 petitioner had hired an attorney to handle the incorporation of Edgenics and likely would have had the attorney call respondent's office to obtain an E.I. number and file the Form 2553 with respondent. Nothing in petitioner's attorney's file, which is in evidence, corroborates that a Form 2553 was ever mailed to respondent on behalf of Edgenics.

Petitioner alleges that he filed Edgenics's 2000 and 2001 corporation Federal income tax returns as though Edgenics were a C corporation only because Edgenics had not yet received an answer from respondent with regard to Edgenics's application for S corporation status.

Petitioner offered into evidence two documents which petitioner alleges were attached to Edgenics's 2000 and 2001 corporation Federal income tax returns and which state essentially as follows:

> Edgenics has not received a determination regarding its Sub-Chapter S status. However, we understand that we cannot file a 1120S unless we have received a S determination from IRS. There is also the outstanding issue concerning our status as a non-profit. Since we need to file a return, we are submitting this 1120 return as we await a determination from IRS concerning our S election.

Respondent has no record of having received the above documents with Edgenics's filed 2000 and 2001 tax returns.

Even considering the above statements allegedly associated with Edgenics's 2000 and 2001 tax returns, petitioners offered no

persuasive, credible proof of timely mailing by petitioner or by petitioner's attorney of a Form 2553 on behalf of Edgenics, and respondent has no record of a Form 2553 ever having been filed on behalf of Edgenics.

On the evidence before us, we reject petitioners' claim that a Form 2553 was filed with respondent on behalf of Edgenics in June 2000, or at any other time, and petitioners make no credible argument that they had reasonable cause for the failure to do so. Edgenics does not qualify as an S corporation for 2002.

To reflect the foregoing, this case will be restored to the general docket for trial or other disposition of the remaining issues.

<u>An appropriate order will be issued</u>.