Horace **FOSTER**, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Appellee.

No. 631–70.

United States Court of Appeals,
Tenth Circuit.

April 14, 1971.

Johnnie M. Walters, Asst. Atty. Gen., has filed a Memorandum in Support of Summary Affirmance on behalf of appellee.

Appellant filed two memoranda opposing summary affirmance pro se.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the Tax Court dismissing a petition for a redetermination of a tax deficiency on the ground of lack of jurisdiction for the reason that the petition was not filed within ninety (90) days from the date of mailing of a notice of deficiency to the taxpayer.

A statutory notice of deficiency was sent to Foster, taxpayer, at his address at the United States Penitentiary in Leavenworth, Kansas, by certified mail on October 6, 1969. A petition for a redetermination of the deficiency may be filed with the Tax Court within ninety (90) days. 26 U.S.C. § 6213(a). Because a Sunday was involved, the last day to file a petition was January 5, 1970. Foster mailed a petition which was filed on January 30, 1970.

The Commissioner filed a motion to dismiss for lack of jurisdiction on the ground that the petition was untimely. The Tax Court notified Foster of the motion and the jurisdictional defect, affording him an opportunity to file a written objection to the motion setting forth facts with supporting documentary evidence indicating a timely filing. Foster responded, putting the blame on an attorney to whom was delegated the task of filing the petition. The Tax Court concluded that the objection failed to establish a timely filing and dismissed for lack of jurisdiction. We agree.

In Teel v. Commissioner of Internal Revenue, 248 F.2d 749 (10th Cir. 1957), we held that the filing of the petition is jurisdictional and that a failure to file the petition within the ninety (90) day period is a bar to consideration by the Tax Court. Similarly, see Ryan v. Alexander, 118 F.2d 744 (10th Cir. 1941), cert. denied, 314 U.S. 622, 62 S.Ct. 72, 86 L.Ed. 500; Fishman v. Commissioner of Internal Revenue, 420 F.2d 491 (2d Cir. 1970); Berger v. Commissioner of Internal Revenue, 404 F.2d 668 (3d Cir. 1968), cert. denied, 395 U.S. 905, 89 S. Ct. 1744, 23 L.Ed.2d 218; and Healy v. Commissioner of Internal Revenue, 351 F.2d 602 (9th Cir. 1965). See also Rich v. Commissioner of Internal Revenue, 250 F.2d 170 (5th Cir. 1957) and Bloch v. Commissioner of Internal Revenue, 254 F.2d 277 (9th Cir. 1958).

We do not reach Foster's claim that the obligation to file was delegated to his attorney since the record indicates notice to Foster that the attorney was not going to pursue the matter. Upon docketing in this court we informed Foster that we were contemplating summary affirmance and he took the opportunity afforded him to file memoranda addressing the merits. A careful and thorough review of the files and records at this time convinces us that the Tax Court was correct in dismissing for lack of jurisdiction.

Affirmed.