**A.A. WASHTON and Alice G. Washton, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 341, Docket 93–6072.**

United States Court of Appeals, Second Circuit.

Argued Dec. 22, 1993.

Decided Dec. 23, 1993.

A.A. Washton, for plaintiff-appellant and plaintiff-appellant pro se.

Marion E.M. Erickson, U.S. Dept. of Justice, Washington, DC (Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, David English Carmack, U.S. Dept. of Justice, Washington, DC, and Albert S. Dabrowski, U.S. Atty., D. Conn., of counsel), for defendant-appellee.

Before: TIMBERS, WINTER, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

A.A. Washton and Alice G. Washton appeal from Judge Nevas's granting of the government's motion for summary judgment on their claim for a refund on the ground that it is time barred under 26 U.S.C. § 6511(a) (1988). We affirm.

During 1981 and 1982, the taxpayers made estimated tax payments of $71,250 for their 1981 federal income tax liability. They applied for three extensions of time to delay the filing of their 1981 federal income tax return. Each extension was granted, thus postponing the filing deadline until October 15, 1982. The taxpayers claim that they mailed their 1981 tax return by regular U.S. mail to the Internal Revenue Service on August 26, 1982, well before the extended filing deadline. On this return the taxpayers requested reimbursement for their overpayment of their estimated taxes by $7,497. The IRS has no record of receiving the taxpayers' 1981 tax return prior to July 11, 1989. In 1989, the IRS requested that the taxpayers file a 1981 return. On August 15, 1989, the taxpayers sent a signed 1981 tax return to the IRS. On October 25, 1989, the IRS informed the taxpayers that their claim for a refund had

been disallowed because it was filed more than three years after the return was due. In 1991, the taxpayers sued for a refund in the district court, which granted the government's motion for summary judgment.

The taxpayers contend that the district court erred in granting the government's motion for summary judgment because the dispute over the IRS's receipt of their 1981 tax return constitutes a genuine issue of material fact. The taxpayers argue that 26 U.S.C. § 7502 creates a statutory presumption that a timely mailing of a return constitutes a timely filing of a return. In order to be timely, claims for a refund of an overpayment of income tax must be filed within the later of three years from the time the return was filed or two years from the time the tax was paid, or if no return was filed, within two years from the time the tax was paid. 26 U.S.C. § 6511(a). The taxpayers rely upon *Chasar v. I.R.S.*, 733 F.Supp. 48, 49 (N.D.Tex.1990), and *Anderson v. United States*, 746 F.Supp. 15, 17 (E.D.Wash.1990), *aff'd*, 966 F.2d 487 (9th Cir.1992), for the proposition that a timely mailing by regular U.S. mail constitutes a timely filing for the purposes of Section 6511(a).

The determination of the date of delivery of the return to the IRS is governed by 26 U.S.C. § 7502, which states:

If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment is mailed shall be deemed to be the date of delivery or the date of payment as the case may be.... This subsection shall apply only if ... the return, claim, statement, or other document, or payment was ... deposited in the mail in the United States....

26 U.S.C. § 7502(a)(1), (2)(B). Thus, the return must actually be "delivered by United States mail" to the IRS, not merely placed in a regular United States mail receptacle. As we noted in *Deutsch v. Commissioner*, 599 F.2d 44, 46 (2d Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980), "courts have consistently rejected testimony or other evidence as proof of the actual date of mailing." *Accord Boccuto v. Commissioner*, 277 F.2d 549, 553 (3d Cir. 1960); *Evangelista v. United States*, 1992 WL 360346 (E.D.N.Y.1992). In *Surowka v. United States*, 909 F.2d 148, 150–51 (6th Cir.1990), the Sixth Circuit affirmed the district court's grant of summary judgment in these circumstances, disallowing the taxpayers' offer of extrinsic evidence to prove the date of mailing of the return.

Allegedly contrary precedent is inapposite. In *Estate of Wood v. Commissioner*, 909 F.2d 1155, 1161 (8th Cir.1990), the Eighth Circuit held that a taxpayer might "offer proof of postmark—not mere evidence of mailing—as by the testimony of the postal employee who handled and stamped the document," and emphasized the narrowness of its holding. In *Anderson*, 966 F.2d at 491, the Ninth Circuit adopted *Wood* and allowed the introduction of "direct proof of a timely postmark." The taxpayers here offer no evidence beyond their own statement that they mailed the return. Nor have they shown that they made any effort in the intervening years to ascertain the fate of the return they claimed to have mailed in 1982.

Because there is no genuine issue of material fact, the district court was correct in granting the government's motion for summary judgment.

Affirmed.