81 F.3d 170
 77 A.F.T.R.2d 96-1512, 96-1 USTC P 50,232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. SMITH; Deborah Smith, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70891.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided March 27, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Taxpayers appeal the Tax Court's decision that they are liable for a deficiency in income tax for the taxable year 1988 because they did not timely file Form 2553. We have jurisdiction pursuant to 26 U.S.C. § 7482. We affirm.
 
 I.
 
 4
 Taxpayers presented testimony to the Tax Court that they mailed Form 2553 on May 29, 1989. The Commissioner presented evidence that Taxpayer's Form 2553 was never received. The Tax Court found taxpayer's evidence to be credible, yet found the form to be untimely filed because: (1) taxpayers did not present evidence of postmark as required by 26 U.S.C. § 7502(a); and (2) the Commissioner presented evidence rebutting the presumption that because it was mailed, the form was received by the Internal Revenue Service.
 
 
 5
 26 U.S.C. § 7502(a) provides that in instances where a form that must be delivered to the IRS by a specific date is delivered to the IRS by United States mail after the date it is to be received, the date of the postmark is deemed to be the date of delivery. As the Tax Court noted, § 7502(a) is inapplicable here because taxpayers failed to present evidence of postmark, as opposed to evidence of mailing. See Washton v. United States, 13 F.3d 49, 50 (2d Cir.1993) (evidence that return was placed in a mailbox not sufficient for purposes of § 7502(a)); Estate of Wood v. Commissioner, 909 F.2d 1155, 1161 (8th Cir.1990) ("The act of mailing is not significant for purposes of the statute but placement of a postmark is."). Thus, the Tax Court correctly found § 7502(a) to be inapplicable.
 
 
 6
 Under the common law mailbox rule, a rebuttable presumption of delivery arises where there is evidence of timely mailing. Anderson v. United States, 966 F.2d 487, 491 (9th Cir.1992). Although the Tax Court found that taxpayers presented credible evidence of timely mailing, the Tax Court found the presumption of delivery to be rebutted by the Commissioner's detailed evidence regarding the handling of documents received by the IRS. The Tax Court's finding that the presumption was rebutted is not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas Zilly, United States District Judge for the District of Western Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3