**F I L E D**

UNITED STATES COURT OF APPEALS

**March 27, 2006**

TENTH CIRCUIT

_____

KEVIN D. CROOK,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

     Respondent - Appellee.

No. 04-9015
(U.S. Tax Court)
(No. 6260-04)

_____

ORDER AND JUDGMENT[*]

_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Kevin D. Crook petitioned the United States Tax Court for redetermination

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

of deficiencies in income taxes asserted by the Commissioner of Internal Revenue (the Commissioner) for the year 2000. The court found Crook's petition had not been timely filed and dismissed the case for lack of jurisdiction. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

I.    Background

On August 28, 2003, the Commissioner sent Crook a notice of deficiency for the 2000 tax year by certified mail.[1] On April 6, 2004, the court received a letter from Crook, dated March 31, 2004, in which Crook inquired as to the status of his petition for redetermination. The envelope containing the letter bore a postmark of April 1, 2004.

The tax court filed the letter as a petition for redetermination of the deficiency. The Commissioner moved to dismiss the case for lack of jurisdiction because the petition was not timely filed. In response, Crook asserted he placed a petition in the prison mail system on November 12, 2003, and thus had timely filed.

The tax court granted the Commissioner's motion. The court found the Commissioner had mailed the notice of deficiency on August 28, 2003, but

---

[1] The notice was mailed to Crook's last known address in Phoenix, Arizona. Crook was incarcerated in New Mexico at the time the notice was mailed. He concedes he received the notice "[s]ome time in late September." (Appellant's Brief at 6.) Crook remained incarcerated during all times relevant to this matter.

Crook's petition was not filed until April 6, 2004, well beyond the ninety-day period prescribed in 26 U.S.C. § 6213(a). In response to Crook's assertion he had timely mailed a petition, the court stated:

> A search of the Court's records has been conducted; however, we were unable to locate any correspondence from petitioner prior to the petition that was filed in this case on April 6, 2004. Moreover, petitioner has not offered any proof, such as a receipt for certified mail, showing that he mailed a petition to the Court during the period in question.

(R. Doc. 13 at 2.)

The court found Crook's petition had not been filed within the statutory time period, and dismissed the case for lack of jurisdiction. Crook timely filed a notice of appeal from the tax court's order of dismissal.

II.    Discussion

"Findings of fact made by the United States Tax Court are reviewed by a clearly erroneous standard." *Estate of Holl v. Comm'r*, 967 F.2d 1437, 1438 (10th Cir. 1992). If on appeal the court is asked to reconsider a question of law, the applicable standard is a *de novo* review." *Id.* The question of whether the tax court correctly dismissed Crook's petition for lack of jurisdiction is a mixed question of law and fact.

The timely filing of a petition for redetermination of a deficiency is jurisdictional. Section 6213(a) of the Internal Revenue Code requires the taxpayer to file a petition "[w]ithin 90 days . . . after the notice of deficiency . . .

is mailed . . . ." 26 U.S.C. § 6213(a). "The Tax Court shall have no jurisdiction . . . unless a timely petition for a redetermination of the deficiency has been filed . . . ." *Id.* The tax court cannot extend the time for filing. TAX CT. R. 25(c). Failure to file within the prescribed period requires the petition be dismissed for lack of jurisdiction. *Armstrong v. Comm'r,* 15 F.3d 970, 973 n.2 (10th Cir. 1994); *Foster v. Comm'r*, 445 F.2d 799, 800 (10th Cir. 1971).

As a general rule, a petition is considered filed when it is received by the tax court. *Sylvan v. Comm'r,* 65 T.C. 548, 550 (1975). However, Crook argues he is entitled to the benefit of the prison mailbox rule, pursuant to which timeliness would be determined by the date upon which he gave his petition to the prison authorities for mailing to the court (November 12, 2003), even though the petition was never received by the tax court.

In *Houston v. Lack*, the Supreme Court ruled that a prison inmate's notice of appeal in a habeas corpus case was deemed filed at the time he delivered it to prison authorities for forwarding to the court. 487 U.S. 266, 270, 276 (1988). The prison mailbox rule was subsequently extended and codified in Rules 4(c)(1) and 25(a)(2)(C) of the Federal Rules of Appellate Procedure. While Rule 4 governs the filing of a notice of appeal by an inmate, Rule 25 applies to "a paper filed by an inmate confined in an institution." FED. R. APP. P. 25(a)(2)(C). Despite the broad scope of Rule 25, both rules apply only to the courts of appeals,

FED. R. APP. P. 1(a)(1), not the United States Tax Court.

We acknowledge the prison mailbox rule has been extended to apply to the filing of many civil matters by prison inmates, including pleadings in district court. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying rule to filing of objections to magistrate's report); *see also Fernandez v. Artuz*, 402 F.3d 111, 113 n.2 (2d Cir.) (citing cases applying rule to various pleadings), *cert. denied sub nom,* 126 S.Ct. 79 (2005); *Miller v. Benson*, 51 F.3d 166, 169 n.2 (8th Cir. 1995) (same); *Garvey v. Vaughn*, 993 F.2d 776, 781 n.13 (11th Cir. 1993) (same). However, the prison mailbox rule does not apply when there is "a specific statutory or regulatory regime" governing the filing at issue. *Longenette v. Krusing*, 322 F.3d 758, 763 (3d Cir. 2003).

In this case, both a statute and a rule govern filing in the United States Tax Court. Rule 22 governs the filing of documents with the tax court. The final sentence of that rule sets forth the tax court's equivalent of the mailbox rule: "For the circumstances under which timely mailed papers will be treated as having been timely filed, see [26 U.S.C. § 7502]." TAX CT. R. 22.

Section 7502(a)(1) of the Internal Revenue Code deems the date of the postmark to be the date of delivery.[2] 26 U.S.C. § 7502(a)(1); *see* 26 C.F.R.

---

[2] 26 U.S.C. § 7502(a) provides in pertinent part:

**(a) General rule. —**

301.7502-1(a). The petition must have been mailed, postage prepaid, within the statutory period, and must have been received by the entity to which it was mailed. 26 U.S.C. § 7502(a)(1); 26 C.F.R. 301.7502-1(c). "This 'mailbox rule,' both by its terms and as revealed in the legislative history, applies only in cases where the document is actually received . . . after the statutory period." *Miller v. United States,* 784 F.2d 728, 730 (6th Cir. 1986).

Section 7502(c)(1) provides a second method of proving delivery, by using registered mail. If a document is sent by registered mail, the registration shall be

--------------------

**(1) Date of delivery.**-- If any . . . document required to be filed . . . within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such . . . document is required to be filed . . ., the date of the United States postmark stamped on the cover in which such . . . document . . . is mailed shall be deemed to be the date of delivery . . . .

**(2) Mailing requirements.**-- This subsection shall apply only if--

**(A)** the postmark date falls within the prescribed period or on or before the prescribed date--

    (I) for the filing . . . of the . . . document, or

    (ii) for making the payment . . ., and

**(B)** the . . . document . . . was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the . . . document is required to be filed . . . .

prima facie evidence that the document was delivered to the office to which it was addressed, and the postmark shall be deemed the date of delivery. 26 U.S.C. § 7502(c)(1).[3] This second method of proof is necessary in those situations in which the document is not actually received by the entity to which it is addressed.

The courts disagree as to the evidence required or permitted to prove timely mailing under § 7502. *Sorrentino v. I.R.S.*, 383 F.3d 1187, 1191 (10th Cir. 2004) (Baldock, J.), *cert. denied*, 126 S.Ct. 334 (2005). Some circuits hold that actual delivery of an envelope with a legible postmark, or a receipt for registered or certified mail, constitute the only satisfactory forms of proof, and no extrinsic evidence of mailing can be considered. *See Washton v. United States*, 13 F.3d 49, 50 (2d Cir. 1993); *Carroll v. Comm'r*, 71 F.3d 1228, 1232-33 (6th Cir. 1995). Other courts allow extrinsic evidence to demonstrate a document has been mailed,

---

[3] Section 7502(c)(1), Registered Mail, provides:

For purposes of this section, if any return, claim, statement, or other document, or payment, is sent by United States registered mail—

**(A)** such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed; and

**(B)** the date of registration shall be deemed the postmark date.

Subsection (c)(2) permits the Secretary to promulgate regulations setting forth the extent to which the registered mail provisions of subsection (c)(1) apply to certified mail and electronic filing. 26 U.S.C. § 7202(c)(2).

usually direct proof of the postmark. *See Estate of Wood v. Comm'r,* 909 F.2d 1155, 1159-61 (8th Cir. 1990); *Anderson v. United States*, 966 F.2d 487, 489-91 (9th Cir. 1992). Under this view, the taxpayer is held "to a strict standard of proof before invoking a presumption of receipt." *Sorrentino*, 383 F.3d at 1191.

We have not yet decided whether § 7502 provides the exclusive method by which timely mailing can be proven. *Sorrentino*, 383 F.3d at 1193; *id.* at 1196 (Hartz, J., concurring); *id.* at 1197 (Seymour, J., dissenting). Although our decision in *Sorrentino* is equivocal at best, we did hold that a taxpayer must comply with the statutory requirements of § 7502 in order to benefit from the mailing-as-delivery rule. *Sorrentino*, 383 F.3d at 1194; *id.* at 1197 (Hartz, J., concurring).

Assuming we apply the more lenient standard, the taxpayer still bears the burden of proving compliance with the rule. *Id.* at 1194. "Self-serving declarations of mailing, without more, are insufficient to invoke the presumption [of delivery]." *Id.* at 1191. Despite the disagreement between the circuits as to the type of proof which may be admitted to prove the date of mailing, no court has relied solely on the uncorroborated testimony of the taxpayer.[4] As the Fourth Circuit noted, a

---

[4] *Washton*, 13 F.3d at 50 (taxpayers' own statements insufficient to prove timely mailing); *Spencer Med. Assoc. v. Comm'r*, 155 F.3d 268, 272 (4th Cir. 1998); *Carroll*, 71 F.3d at 1229 (evidence of certified or registered mail necessary to prove compliance with § 7502); *Estate of Wood*, 909 F.2d at 1161 (taxpayer must provide proof of postmark, not just proof of mailing); *Anderson*, 966 F.2d at 491 (testimony of taxpayer, coupled with corroborating testimony of friend as to mailing, sufficient to comply with common law presumption of delivery).

taxpayer's "reference to the dates [he] listed on [his] motions hardly constitutes direct proof sufficient to deem the documents filed on those dates." *Spencer Med. Assoc.*, 155 F.3d at 272.

Here, the only evidence as to the mailing of Crook's petition—indeed, the only evidence as to the petition's existence at all—is Crook's own uncorroborated assertion in his letter of March 31, 2004, his response to the motion to dismiss, and his brief filed with this court. In these filings he claims he submitted his petition to prison authorities on November 12, 2003. Crook has neither provided evidence relating to an actual postmark date, nor has he asserted that he used registered mail. He also made no attempt, through requests for discovery or other legal processes, to require the prison to produce mail logs which presumably would provide "tangible evidence . . . [to] independently corroborate the date of mailing." *Shipley v. Comm'r*, 572 F.2d 212, 214 (9th Cir. 1977).

The strict application of § 7502 can lead to seemingly harsh results. *Miller*, 784 F.2d at 731 n.4; *Rich v. Comm'r*, 250 F.2d 170, 175 (5th Cir. 1957). This harshness is ameliorated in this case because Crook had the opportunity to provide additional proof to the tax court, as noted above, but failed to do so.

Crook has presented no evidence of timely mailing as required by § 7502. His petition was not filed with the ninety-day period set forth by statute.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge