**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**August 21, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE AGUIRRE,

      Defendant - Appellant.

No. 07-2076
(D.C. No. CR-00-1424 BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Jose Aguirre appeals the district court's denial of his motions for the equitable return of seized personal property under Fed. R. Crim. P. 41(g). Mr. Aguirre was indicted along with thirteen co-defendants on various drug charges on October 17, 2000. He contends that the Drug Enforcement

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Agency (DEA) seized certain of his personal property[1] (valued at $6,500) when agents arrested him in Albuquerque in November 2003. Mr. Aguirre pleaded guilty on March 30, 2004, and was sentenced to 87 months' imprisonment on June 2, 2004. He filed a series of duplicate Fed. R. Crim. P. 41(g) motions, the first on November 27, 2006, nearly three years after his arrest.

On February 23, 2007, the government prosecutor who handled the case stated in the government's response that she:

> has made a diligent effort to determine what, if any, property was seized from the defendant at the time of his arrest. Unfortunately, this is a huge case with thousands of pages of reports and discovery. Additionally, all of the case agents involved in this case have left Las Cruces. Undersigned counsel has contacted them, but they have no memory of exactly what happened at the time of the defendant's arrest or what might have been taken. Both the DEA and FBI have searched their files and have been unable to discover any items which they seized from the defendant. . . .

She also indicated that the government was not in possession of any such property, which would have been destroyed at the end of the case or returned to Mr. Aguirre.

On March 9, 2007, the district court issued a one-page order denying the motion based on the representations of the prosecutor that the government no longer possessed the property. Thereafter, on March 21, 2007, Mr. Aguirre's reply to the government's response was filed, indicating that it had been deposited

---

[1] Mr. Aguirre contends that DEA agents seized, inter alia, an automobile, power and hand tools, a cellular telephone, and cash.

in the prison mailbox on March 12. On appeal, Mr. Aguirre argues that the district court made an improper factual determination that the government no longer possessed the property based only on the government's unverified response, which lacked affidavits and was not supported by sworn testimony. He argues that, even if the government has disposed of his property, the district court may still award "equitable damages." Finally, he requests that if this court concludes his Rule 41(g) motion is improper, we construe his motion as a claim for damages under the Federal Tort Claims Act, a remedy suggested to him by the government prosecutor.

While we do not question that the prosecutor accurately represented her conversations with the case agents, the DEA, and the FBI to the district court, she has no first-hand knowledge concerning what items were or were not taken from Mr. Aguirre, nor does she have first-hand knowledge of whether the government still possesses those items. Fed. R. Crim. P. 41(g) states the district court "must receive evidence on any factual issue necessary to decide the motion." Mr. Aguirre's motion raised a colorable claim that the DEA seized certain items of his property, and he described the property in sufficient detail to merit factual inquiry. Unfortunately, the district court relied only on the government's unverified response in reaching its factual determination that the government did not possess any of Mr. Aguirre's property. Factual allegations in unverified pleadings are not "evidence" to be considered in a factual inquiry. See In re

<u>Grand Jury Subpoena</u>, 419 F.3d 329, 336 (5th Cir. 2005); <u>Jupiter v. Ashcroft</u>, 396 F.3d 487, 491 (1st Cir. 2005); <u>Medina v. Pacheco</u>, 161 F.3d 18 (Table), 1998 WL 647784, at *3 n.5 (10th Cir. 1998). Consequently, we must vacate the district court's order denying the motions and remand the case for a factual determination based on evidence.[2]

SO ORDERED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] On remand, the district court should consider Mr. Aguirre's reply. Incidentally, the reply appears timely filed under the prison mailbox rule in conjunction with the federal and local rules. <u>See</u> <u>Fernandez v. Artuz</u>, 402 F.3d 111, 113-14 (2d Cir. 2005) (collecting cases that have extended the prison mailbox rule to a host of quasi-civil proceedings); <u>Crook v. Comm'r of Internal Revenue Serv.</u>, 173 F. App'x. 653, 655-56 (10th Cir. 2006) (same); <u>see also</u> D.N.M. LR-Civ 7.6(a) (14 day reply time); Fed. R. Civ. P. 6(e) (addition of 3 days for mailing).