ORDER AND JUDGMENT*
BOBBY R. BALDOCK, Circuit Judge.
Robert Steven Hatch, a prisoner at the Utah State Prison in Draper, Utah, attempted to contest a determination of deficiency in his 2002 income taxes by filing a petition with the United States Tax Court. The Tax Court granted the Commissioner’s motion to dismiss for lack of jurisdiction on the ground that Hatch did not file his petition within ninety days after the notice of deficiency was mailed. Appearing pro se, Hatch appeals. Our jurisdiction arises under 26 U.S.C. § 7482(a)(1), and we affirm.
I. Background
On January 7, 2008, the Commissioner, by certified mail, sent Hatch a notice of deficiency for the 2002 tax year. Under 26 U.S.C. § 6213(a), Hatch had ninety days from the mailing date of the deficiency notice, or in this case until April 7, 2008, in which to file a petition with the Tax Court seeking a redetermination of the deficiency. The Tax Court received Hatch’s petition on April 17, 2008, in an envelope postmarked April 11, 2008, both dates be *402 ing after the expiration of the ninety-day filing period. The petition was filed by the Tax Court as of the date of its receipt.
The Commissioner moved to dismiss, arguing that the petition was untimely, thus depriving the Tax Court of jurisdiction. Citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (setting forth the “prison mailbox rule”), Hatch objected to the motion to dismiss arguing that he had delivered the petition to prison officials on.Sunday, April 6, 2008, for mailing, and that it was thus timely. In response, the Commissioner noted various obvious falsehoods in Hatch’s pleadings and observed that the evidence put forth by Hatch consisted solely of self-serving statements. Because Hatch’s credibility had been put in issue, the Commissioner further informed the Tax Court of Hatch’s criminal record.
The Tax Court refused to resolve the dispute between the parties as to when the petition was mailed, relying instead on this court’s precedent holding that the ninety-day filing requirement is jurisdictional. See Foster v. Comm’r, 445 F.2d 799, 800 (10th Cir.1971) (decided prior to Houston v. Lack and citing, with approval, cases holding that the seeming inequities caused by defects in a prison mailing system will not serve to excuse a late filing). The Tax Court concluded that “as a matter of law ... the petition was untimely filed” and dismissed the case for lack of jurisdiction. Hatch v. CIR, Order of Dismissal for Lack of Jurisdiction at 4. This appeal followed.
On appeal, Hatch argues that his petition should have been considered timely through the application of the prison mailbox rule, under which the timeliness would be determined by the date upon which he gave his petition to prison authorities for mailing, or, according to him, on April 6, 2008. He further argues that the Commissioner ran afoul of Fed.R.Evid. 404 by including evidence of Hatch’s convictions in his pleadings, and that this evidence prejudiced the Tax Court.
II. Discussion
We review factual findings made by the Tax Court for clear error; legal conclusions are subject to de novo review. Estate of Holl v. Comm’r, 967 F.2d 1437, 1438 (10th Cir.1992). Whether the Tax Court correctly dismissed a petition for lack of jurisdiction is a mixed question of law and fact. Anderson v. Comm’r, 62 F.3d 1266, 1270 (10th Cir.1995).
As mentioned, in order for the Tax Court to have jurisdiction over a petition to redetermine a tax deficiency, the taxpayer must file a petition with the Tax Court within ninety days of the mailing of the notice of deficiency. 26 U.S.C. § 6213(a). If the petition is not timely filed, the matter must be dismissed for lack of jurisdiction. Armstrong v. Comm’r, 15 F.3d 970, 973 n. 2 (10th Cir.1994). In 1916, the Supreme Court noted that the word “file” had never been defined by Congress, but that its etymology led to the conclusion that a filing “is not complete until the document is delivered and received.” United States v. Lombardo, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916). This principle is known as the “physical delivery rule.” Under that rule, it is clear that Hatch’s petition was not timely filed because it was not received by the IRS until April 17, 2008, well after the ninety-day filing period had expired.
Hatch urges us to apply the prison mailbox rule as announced in Houston where the Supreme Court ruled that a prison inmate’s notice of appeal in a habeas corpus case was deemed filed at the time he delivered it to prison authorities for forwarding to the court. 487 U.S. at 270, 276, 108 S.Ct. 2379. However, whether the prison mailbox rule is viable in light of the *403 Tax Code’s own mailbox rule, 26 U.S.C. § 7502, is an issue this court has yet to decide. See Crook v. Comm’r, 173 Fed.Appx. 653, 657 (10th Cir.2006) (noting that this court has yet to decide whether § 7502 provides the exclusive method by which a timely mailing can be proven); see also Price v. Philpot, 420 F.3d 1158, 1164 n. 5 (10th Cir.2005) (noting, in dicta, that “where the ‘service’ or ‘filing’ language in an applicable statute or rule establishes a specific regime to the contrary, Houston may not apply”). Hatch does not argue on appeal that he complied with the mailing requirements of § 7502 so we will not consider that possibility.
Instead, for purposes of this appeal, we will assume, without deciding, that the prisoner mailbox rule can apply in these circumstances. That assumption, however, does not save Hatch’s petition. As the plaintiff, Hatch bears the burden of proving facts supporting jurisdiction. See FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir.1992). That proof needs to be something more than self-serving declarations. Sorrentino v. IRS, 383 F.3d 1187, 1191 (10th Cir.2004); see also Crook, 173 Fed.Appx. at 657 (applying Sorrentino in prison-mailbox case). The Supreme Court, itself, in Houston contemplated that disputes over the date a prisoner handed his mail to prison authorities would be resolved by reference to prison mail logs, described as “a straightforward inquiry.” Houston, 487 U.S. at 276, 108 S.Ct. 2379. Hatch does not present any prison data showing that he delivered his mail to prison authorities before the expiration of the ninety day deadline. The evidence he does offer from the prison is inconclusive. The handwritten date of April 6, 2008, appended to Hatch’s prison-money-transfer-request form, is obviously in Hatch’s handwriting and proves nothing about when the petition was given to prison authorities for mailing. Nor does the attestation of mailing attached to Hatch’s in forma pauperis application and dated April 6, 2008, establish facts sufficient to bring the petition within the safe harbor of the prison mailbox rule.
Hatch’s contention that the Tax Court was biased against him because the Commissioner wrongly informed the Court of his criminal history is without merit. Hatch bases his argument on Fed.R.Evid. 404(b). The Tax Court’s decision, however, was based on the fact that Hatch failed to sustain his burden to establish subject matter jurisdiction by advancing evidence showing that his petition was timely. The decision was not driven by resolution of disputed factual allegations that could have been influenced by evidence regarding Hatch’s character or credibility.
III. Conclusion
Finally, Hatch has filed a motion to proceed on appeal without prepayment of costs or fees. Hatch, however, has failed to comply with 28 U.S.C. § 1915(a)(2) which requires that, in addition to the affidavit of indigence, a prisoner seeking in forma pauperis status must also submit a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. See Boling-Bey v. U.S. Parole Comm’n, 559 F.3d 1149, 1153 (10th Cir.2009). Accordingly, it is ORDERED that, within twenty days of the filing date of this order, Hatch must either submit to this court “a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal,” 28 U.S.C. § 1915(a)(2), or pay his appellate filing fee in full and withdraw his in forma pauperis motion.
*404 The February 24, 2009, decision of the United States Tax Court is AFFIRMED.

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.