# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-1922

———————————————

Daryl L. Maassen

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

————————

Appeal from The United States Tax Court

————————

Submitted: December 7, 2016
Filed: December 12, 2016
[Unpublished]

————————

Before COLLOTON, MURPHY, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Daryl Maassen appeals the tax court's[1] dismissal, for lack of jurisdiction, of his action seeking to prevent the Internal Revenue Service (IRS) from assessing or collecting income tax deficiencies for 1999, 2000, 2001, and 2002. In his petition, he claimed that the IRS had not mailed him notices of deficiency for these four years.

————————————

[1]The Honorable Michael B. Thornton, Chief Judge, United States Tax Court.

In response to the IRS's motion to dismiss, Maassen argued that two incomplete U.S. Postal Service Forms 3877 were insufficient proof that the notices had been mailed to him, and for the first time on appeal, he further asserts that these forms were unauthenticated evidence that the tax court erred in considering. We affirm.

As an initial matter, we decline to consider Maassen's assertion that the tax court improperly relied on unauthenticated exhibits. *See Ames v. Nationwide Mut. Ins. Co.*, 760 F.3d 763, 770 (8th Cir. 2014) (discussing general rule against considering issues first raised on appeal). We further conclude that the dismissal was proper. *See Ark. Oil & Gas, Inc. v. Comm'r*, 114 F.3d 795, 798 (8th Cir. 1997) (providing for *de novo* review of tax court's dismissal for lack of jurisdiction). The IRS produced evidence that was sufficient to show that it mailed separate and properly completed notices of deficiency in 2004. *See Cropper v. Comm'r*, 826 F.3d 1280, 1285-86 (10th Cir. 2016) (applying "'otherwise sufficient'" evidence standard). Maassen's filing of his petition in 2015 therefore was untimely. *See* 26 U.S.C. § 6213(a) (setting forth time limits for filing of petition for redetermination); *Foster v. Comm'r*, 445 F.2d 799, 800 (10th Cir. 1971) (per curiam) (holding that, if a taxpayer fails to file petition within statutory period, the tax court lacks jurisdiction to entertain the case).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____