T.C. Memo. 2020-124

UNITED STATES TAX COURT

BLANCA RIVAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15742-19.                          Filed August 25, 2020.

Blanca Rivas, pro se.[1]

<u>Katherine H. Ankeny</u> and <u>Yervant P. Hagopian</u>, for respondent.

MEMORANDUM OPINION

GREAVES, <u>Judge</u>:  This case is before the Court on respondent's motion to

dismiss for lack of jurisdiction (motion) upon the ground that petitioner failed to

---

[1]The Court granted Moises A. Aviles' motion to withdraw as counsel for petitioner on August 18, 2020.

[*2] file a petition within the period prescribed by section 6213(a).[2] For the

reasons set forth below, we agree with respondent and will grant the motion.

Background

The following facts are undisputed and drawn from the parties' motion

papers and the attached exhibits, unless otherwise stated. Petitioner resided in

California when she filed the petition.

Respondent mailed a notice of deficiency by certified mail to petitioner on

May 21, 2019. The notice of deficiency was sent to both petitioner's last known

address and the address that petitioner provided as her address on the petition that

she subsequently filed in this Court. The Court received the petition on August

27, 2019, in an envelope bearing a U.S. Postal Service postmark of August 20,

2019. Petitioner asserts that her attorney "dropped * * * [the petition] in the

United States Mail Drop Box on the night of August 19, 2019."

Respondent filed the motion on September 30, 2019. Respondent argues

that the period for petitioner to file a petition expired on August 19, 2019, that is,

90 days after respondent issued the notice of deficiency. Petitioner filed an

opposition to respondent's motion on October 1, 2019. Petitioner does not

___

[2]Unless otherwise noted, all section references are to the Internal Revenue
Code of 1986, as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

**[*3]** contradict that the 90-day period expired on August 19 but rather asserts that the deadline to file a petition for redetermination is a "claims processing rule" and equitable tolling applies.

Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly provided by statute. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Jurisdiction must be shown affirmatively, and, as the party invoking the Court's jurisdiction, petitioner bears the burden of proving that jurisdiction exists. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).

In pertinent part section 6213(a) provides: "Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." We have long held that the 90-day period prescribed by section 6213(a) sets forth a

**[\*4]** jurisdictional requirement.  See, e.g., <u>Guralnik v. Commissioner</u>, 146 T.C. 230, 237 (2016); <u>McCune v. Commissioner</u>, 115 T.C. 114, 117-118 (2000) ("The statutory periods are jurisdictional and cannot be extended."); <u>Joannou v. Commissioner</u>, 33 T.C. 868, 869 (1960) ("[T]he 90-day period [has been] fixed by Congress as the period within which the petition must be filed in order to give the Tax Court jurisdiction.").  All Courts of Appeals that have considered this issue have reached the same conclusion, including the Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie absent stipulation to the contrary. <u>See</u> sec. 7482(b)(1)(A); <u>Pugsley v. Commissioner</u>, 749 F.2d 691, 692 (11th Cir. 1985) ("[T]imely filing of * * * a petition is a jurisdictional prerequisite for a suit in the tax court."); <u>Foster v. Commissioner</u>, 445 F.2d 799, 800 (10th Cir. 1971) ("[T]he filing of the petition is jurisdictional and * * * a failure to file the petition within the ninety (90) day period is a bar to consideration by the Tax Court."); <u>Healy v. Commissioner</u>, 351 F.2d 602, 603 (9th Cir. 1965) ("The requirement of filing the petition with the Tax Court within 90 days after the certified or registered notice of deficiency is mailed to the correct address of the taxpayer is jurisdictional."); <u>Rich v. Commissioner</u>, 250 F.2d 170, 175 (5th Cir. 1957) (Johnsen, J., concurring in part) ("[T]he ninety day period is more than a period of limitation, and the courts have consistently held the prescribed period to be

**[*5]** jurisdictional.").  The Court of Appeals for the Ninth Circuit recently considered and rejected the position that petitioner put forth in this case, reemphasizing that the "time limit for filing a petition in the Tax Court is jurisdictional."  Organic Cannabis Found., LLC v. Commissioner, 962 F.3d 1082, 1093-1094 (9th Cir. 2020) (relying on the use of the word "jurisdiction" in section 6213(a), the broader statutory context, and the historical treatment of the provision).  We see no reason to deviate from this unbroken line of caselaw.

Petitioner asserts that the petition was delivered to the U.S. Postal Service on August 19, 2019, when her attorney dropped the petition in a mail drop box.  A taxpayer timely mails a petition to this Court when it is delivered to the U.S. Postal Service on or before the date it is due.  Sec. 7502(a).  In such a case the date of the U.S. Postal Service postmark stamped on the envelope is deemed the date of delivery.  Id.; sec. 301.7502-1(a), (c)(1)(iii)(A), Proced. & Admin. Regs.  Here, the date postmark stamped on the envelope is August 20, 2019; that is, more than 90 days from the date the petition was due.  Accordingly, the petition was not timely mailed to the Court.

**[*6]**                                                    <u>Conclusion</u>

We conclude that the Court lacks jurisdiction in this case because petitioner

failed to file a petition with this Court within 90 days of the issuance of the notice

of deficiency.  Accordingly, we will grant the motion.

To reflect the foregoing,

<u>An appropriate order of dismissal for</u>

<u>lack of jurisdiction will be entered</u>.